| | | |
|---|---|---|
| ZACKARY RILEY, in his capacity, | ) | |
| and as representative of the estate of: | ) | |
| ROSEMARY E. SCOTT, | ) | |
| f/k/a ROSEMARY E. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-04294 |
| | ) | |
| HANNIBAL REGIONAL HOSPITAL, | ) | |
| HANNIBAL REGIONAL HEALTHCARE | ) | |
| SYSTEM, HANNIBAL CLINIC, | ) | |
| BLESSING HOSPITAL, LANDMARK | ) | |
| HOSPITAL, LANDMARK MANAGEMENT | ) | |
| SERVICES OF FLORIDA, LLC, UNIVERSITY | ) | |
| OF MISSOURI HOSPITAL, CURATORS OF | ) | |
| THE UNIVERSITY OF MISSOURI, | ) | |
| BARNES-JEWISH HOSPITAL, | ) | |
| BJC HEALTHCARE and | ) | |
| JOHN DOES 1 THROUGH 120, | ) | |
| | ) | |
| Defendants. | ) | |

**HANNIBAL REGIONAL HEALTHCARE SYSTEM AND HANNIBAL REGIONAL
HOSPITAL'S MOTION TO DISMISS**

Pursuant to Fed R. Civ. P. 12(b)(6), Defendants Hannibal Regional Healthcare System

and Hannibal Regional Hospital hereby move for an order of the Court dismissing these

Defendants for failure to state a claim upon which relief may be granted. Plaintiff's claims are

barred by the applicable statute of repose under Section 516.105, RSMo.

Plaintiff's claims against Defendant Hannibal Hospital, which is part of the Hannibal

Regional Healthcare System, allege that "in the mid-to-late 1980s" one of these Defendants or

others left surgical sponges in her abdomen. Giving the Plaintiff the benefit of all doubt,

1

Defendants will assume for the purposes of this motion, the complained-of surgeries took place in December of 1989.  Plaintiff's lawsuit was filed in December of 2015.  At a minimum, it has been 26 years since the Plaintiff alleges negligence on the part of these Defendants.

A dismissal for failure to state a claim must be decided on the pleadings.  Fed R. Civ. P. 12(b)(6); *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008).  The possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.  *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008).  Here, assuming all allegations contained in Plaintiff's Amended Complaint against these Defendants are true, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims are barred by the applicable statute of repose.  § 516.105, RSMo.

The Missouri Supreme Court has conclusively decided each of Plaintiff's claims against these Defendants is barred by the applicable statute of repose.  *See Ambers-Phillips v. SSM DePaul Health Center*, 459 S.W.3d 901 (Mo. 2015).  Typically, Missouri medical malpractice actions are subject to a two year statute of limitation.  § 516.105, RSMo.  Wrongful death actions are subject to a three year statute of limitations.  § 537.100, RSMo.  In cases where a foreign object is retained in a patient's body, the statute of limitations can be tolled to allow a Plaintiff to "discover" the foreign object.  § 516.105, RSMo.  However, this tolling is strictly limited by a Statute of Repose.  Section 516.105 also provides as follows:

> In no event shall any action for damages for malpractice, error, or mistake
> be commenced after the expiration of ten years from the date of the act of
> neglect complained of or for two years from a minor's eighteenth birthday,
> whichever is later.

The Statute of Repose under § 516.105, RSMo extinguishes any cause of action once had by Plaintiff after 10 years from the date of alleged negligent act.  Here, assuming all facts as true and giving all benefit of the doubt as to when the actual surgery took place, it has been 26 years

2

since the surgery or surgeries that the Plaintiff contends were negligent. *Ambers-Phillips* follows a similar fact pattern to this case. In *Ambers-Phillips* the plaintiff complained of a foreign object left in her abdomen 14 years earlier. *See generally Ambers-Phillips*, 459 S.W.3d 901. The plaintiff in *Ambers-Phillips* challenged the 10-year statute of repose on multiple constitutional grounds and claimed that it should be tolled until she "discovers" her injury. *Id.* In rejecting her claims, the *Ambers-Phillips* court discusses the Missouri statute of repose:

> While statutes of limitations are subject to equitable tolling in certain circumstances, statutes of repose by their nature are not. They begin to run on the date of the allegedly tortious act and provide an absolute deadline beyond which suit may not be brought. To toll them disregards this basic purpose of statutes of repose – that of providing a final time limit beyond which suit is foreclosed.

Only one year ago, the Missouri Supreme Court reaffirmed its prior rulings that statutes of repose are constitutional and not subject to equitable tolling. *Id.* at 904.

In this case, on the face of the Complaint, the Plaintiff has not made any claim against Defendant Hannibal Regional Healthcare System or Defendant Hannibal Regional Hospital that can survive the 10-year statute of repose. Each of these Defendants should be dismissed for Plaintiff's failure to state a claim against them.

WHEREFORE Defendant Hannibal Regional Healthcare System and Defendant Hannibal Regional Hospital respectfully move the Court to dismiss them from this action under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted and for such other and further relief as the Court deems just and proper in the premises.

3

NEWMAN, COMLEY & RUTH P.C.


 /s/ Joshua L. Hill
Edward C. Clausen                    #34621
Joshua L. Hill                       #62951
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65102
573-634-2266
573-636-3306 (fax)
ed.c@ncrpc.com
hillj@ncrpc.com

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE


The undersigned hereby certifies that on the 11th day of July, 2016, a true and accurate copy of the foregoing was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.


 /s/ Joshua L. Hill


4