UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, in his capacity, )<br>and as representative of the estate of: )<br>ROSEMARY E. SCOTT, )<br>f/k/a ROSEMARY E. RILEY, )<br>            )<br>        Plaintiff, )<br>            )<br>    vs.     )<br>            )<br>HANNIBAL REGIONAL HOSPITAL, )<br>HANNIBAL REGIONAL HEALTHCARE )<br>SYSTEM, HANNIBAL CLINIC, )<br>BLESSING HOSPITAL, LANDMARK )<br>HOSPITAL, LANDMARK MANAGEMENT )<br>SERVICES OF FLORIDA, LLC, UNIVERSITY )<br>OF MISSOURI HOSPITAL, CURATORS OF )<br>THE UNIVERSITY OF MISSOURI, )<br>BARNES-JEWISH HOSPITAL, )<br>BJC HEALTHCARE and )<br>JOHN DOES 1 THROUGH 120, )<br>            )<br>        Defendants. ) | Case No. 2:15-cv-04294 |

**DEFENDANT HANNIBAL REGIONAL HEALTHCARE SYSTEM AND
HANNIBAL REGIONAL HOSPITAL'S MOTION TO DISMISS FOR FAILURE TO
FILE STATUTORILY ADEQUATE HEALTH CARE AFFIDAVIT**

Pursuant to Section 538.225, RSMo., Defendants Hannibal Reginal Healthcare System, Inc. and Hannibal Regional Hospital hereby move for an order dismissing these Defendants for Plaintiff's failure to timely file a statutorily adequate health care affidavit and in the alternative an in-camera review of Plaintiff's affidavit pursuant to Section 538.225.7, RSMo.

**I.     MOTION TO DISMISS FOR FAILURE TO TIMELY FILE A STATUTORILY
ADEQUATE HEALTHCARE AFFIDAVIT.**

Plaintiff has filed suit against Defendant Hannibal Regional Hospital which is part of the Hannibal Regional Healthcare System (hereinafter "Defendant Hannibal") alleging that "in the

1

mid-to-late 1980s" one of these Defendants or others, left surgical sponges in her abdomen. Subsequently, on or about June 16, 2016 Plaintiff filed his "Affidavit of Zachary Riley" (hereinafter "Health Care Affidavit"). Although it is not expressly set forth in the affidavit, it appears to be Plaintiff's attempt to comply with the requirements of §538.225, RSMo. In the Health Care Affidavit, Plaintiff states that he has:

> [O]btained the written opinion of a legally qualified health care provider which states that the defendant health care provider Hannibal Regional Healthcare System, Inc. (originally named in the Complaint as Hannibal Regional Hospital and Hannibal Regional Healthcare System), including its individual health care providers who treated Rosemary Scott (John Does 1 through 20), if they acted and failed to act as alleged in Plaintiff's Complaint, failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in this Complaint.

Plaintiff identified his "legally qualified health care provider" as "Dr. Stephen Godfrey, who may be contacted at Path Counsel Pathology Medical Legal Consultation, PO Box 270328, St. Louis, Missouri 63127." Dr. Godfrey is "actively practicing as a pathologist."

Contemporaneously with the Health Care Affidavit pertaining to Defendant Hannibal, Plaintiff filed health care affidavits with regard to seven other defendant health care providers, each disclosing the same expert witness and containing nearly identical language.

Dr. Godfrey is not a "legally qualified health care provider" as to Defendant Hannibal. Section 538.225.1, RSMo., provides:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of *a legally qualified health care provider* which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

2

§538.225.1, RSMo. (emphasis added). Additionally, pursuant to §538.225.2 RSMo.:

> As used in this section, ***the term "legally qualified health care provider" shall mean a health care provider*** licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing ***substantially the same specialty as the defendant***.

§538.225.2, RSMo. (emphasis added).

In reviewing and interpreting the provisions of §538.225.2 RSMo., Missouri courts have interpreted "substantially the same specialty as the defendant" to include doctors who "perform the same procedure as the defendant doctor." *Kreutz v. Curators of University of Missouri*, 363 S.W.3d 61, 64 (Mo. App. W.D. 2011) (quoting *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 689 (Mo. en banc 2010)). Furthermore, the Missouri Supreme Court has stated that a "health care provider may have a different board certification but may practice 'substantially the same specialty' because of an expertise in the medical procedure at issue." *Spradling* at 689.

The Health Care Affidavit filed by Plaintiff's counsel fails to satisfy the requirements of §538.225.1 in that Stephen Godfrey is not a "legally qualified health care provider," as defined by §538.225.2, and interpreted by the Missouri Supreme Court in *Spradling v. SSM Health Care St. Louis*.

A. <u>**Stephen Godfrey, M.D. is Not a Legally Qualified Health Care Provider**</u>.

Plaintiff does not identify who at Defendant Hannibal was negligent in his Complaint. However, it can be inferred from his allegations that his complaint relates to a surgery or surgeries which could have been performed at a number of different facilities. In Plaintiff's First Amended Complaint, he alleges generally that Defendant Hannibal was negligent in leaving sponges in decedent Rosemary Scott's abdomen during one of two surgeries, a hysterectomy or an operation on her stomach. As such, in order for Dr. Godfrey to qualify as a "legally qualified

3

health care provider," as defined by §538.225.2 RSMo., and interpreted by the Missouri Supreme Court in *Spradling v. SSM Health Care St. Louis*, Dr. Godfrey must regularly perform, and have expertise in, the same procedure in which Defendant Hannibal is alleged to be negligent, i.e., general surgery. See *Spradling* at 689 ("[T]here may be situations in which the health care provider who gives an opinion as to the standard of care may not have the *exact* board certification as the defendant. Instead, the health care provider may have a different board certification but may practice 'substantially the same specialty' because of an expertise in the medical procedure at issue.").

Dr. Godfrey is not a surgeon but, rather, a pathologist. Dr. Godfrey does not perform surgery or have expertise in surgical procedures of the abdomen. Furthermore, §538.225.3 RSMo., requires a health care affidavit to state the "qualifications of such health care providers to offer such opinion." However, the Health Care Affidavit filed by Plaintiff's counsel fails to allege that Dr. Godfrey regularly performs, or has expertise in, surgical procedures in the abdomen.

Therefore, the Health Care Affidavit filed by Plaintiff fails to satisfy the requirements of §538.225.1-.3 RSMo., in that Dr. Godfrey is not a "legally qualified health care provider" competent to offer an opinion with regard to the care and treatment allegedly provided by Defendant Hannibal, and the Health Care Affidavit fails to state the qualifications of Dr. Godfrey which would render him a legally qualified health care provider competent to offer an opinion with regard to the care and treatment allegedly provided by Defendant Hannibal.

### B. As a Result of Plaintiffs Failure to File a Statutorily Adequate Health Care Affidavit, Dismissal of Plaintiffs Action Against Defendant Hannibal is Mandated.

As discussed above, the Health Care Affidavit filed by Plaintiff in the above-captioned matter fails to comply with the requirements of §538.225.1-.3 RSMo. A health care affidavit which "substantially" complies with the requirements of §538.225 RSMo., does not constitute a statutorily adequate health care affidavit. See *State of Missouri ex rel. Farley*, 346 S.W.3d at 400 (citing *Spradling)* "[I]f a ***statutorily adequate*** health care affidavit has not been timely filed and a motion to dismiss for failure to file such an affidavit is made, the trial court ***must*** dismiss the complaint without prejudice." *Farley* at 400 (emphasis added); see also *Howard v. SSM St. Charles Clinic Medical Group, Inc.*, ED97312 (Mo. App. E.D. filed March 20, 2012).

Plaintiff filed his original Complaint against Defendant Hannibal on December 19, 2015. Pursuant to §538.225.5 RSMo, Plaintiff had ninety (90) days from that date - until March 18, 2016 to timely file a sufficient health care affidavit. Plaintiff requested an additional 90 days on March 18, 2016. With the additional 90 days, Plaintiff had until June 16, 2016 to timely file a sufficient health care affidavit. June 16, 2016, has now passed and Plaintiff has not filed a heath care affidavit which meets the requirements of §538.225.1-.3 RSMo.

Pursuant to §538.225.6 RSMo., "[i]f the plaintiff or his attorney fails to file such an affidavit the court ***shall***, upon motion of any party, dismiss the action against such moving party without prejudice." (emphasis added). In interpreting the requirements of §538.225 RSMo., Missouri courts have noted that:

> [T]he use of "shall" in a statute will be interpreted as mandatory rather than directory. ***When a statute mandates that something be done by stating that it "shall" occur and also states what results "shall" occur upon a failure to comply with the statute, it is clear that it is mandatory and must be obeyed*** . . . [T]he language of section 538.225.6-6 is 'clear and unambiguous.'

*Farley* at 399 (internal citations omitted) (emphasis added).

As Plaintiff failed to timely file a Health Care Affidavit which meets the requirements of §538.255 RSMo., this Court *must* dismiss the Plaintiff's action against Defendant Hannibal without prejudice upon Defendant's motion. See *J.K.M.*, 317 S.W.3d at 627 (citing *Gaynor v. Washington Univ.*, 261 S.W.3d 650, 652-53 (Mo. App. E.D. 2008)). Further, because more than ninety (180) days have elapsed since Plaintiff filed his Complaint on December 19, 2015, Plaintiff cannot cure his statutorily inadequate Health Care Affidavit. Where the last possible date that a Plaintiff could have filed a proper affidavit under §538.225 RSMo., has expired, the Plaintiff cannot cure the defects in their health care affidavit by filing a supplemental or amended health care affidavit. See generally *Farley* at 400.

WHEREFORE, for the foregoing reasons, Defendant Hannibal respectfully submits that this Court should enter its Order dismissing Plaintiff's action against Defendant Hannibal, assess any and all costs and service fees to Plaintiff, and for any and all other relief the Court deems just and proper under the circumstances

## II. ALTERNATIVE MOTION FOR IN-CAMERA REVIEW

Section 538.225.7, RSMo., provides that within one hundred and eighty (180) days after the filing of the petition, a defendant may file a motion to have the court examine in camera the written opinion described in the plaintiff's health care affidavit, which the plaintiff is required to obtain pursuant to §538.225 RSMo. Section 538.225.7 further provides that:

> [I]f the court determines that the opinion fails to meet the requirements of this section [§538.225 RSMo.], then the court shall conduct a hearing within thirty days to determine whether there is probable cause to believe that one or more qualified and competent health care providers will testify that the plaintiff was injured due to the medical negligence by a defendant. If the court finds that there is no such probable cause, the court shall dismiss the petition and hold the plaintiff responsible for the payment of the defendant's reasonable attorney fees and costs.

Plaintiff filed his original Complaint in the above-captioned matter on December 19, 2015. More than 180 days have elapsed since that time, however, Defendant Hannibal has not been formally served in this case and is raising this in its first possible opportunity.  Equity requires that the time for an in-camera review be extended to allow Defendant Hannibal to assert its rights under the statute.

WHEREFORE, for the foregoing reasons, Defendant Hannibal respectfully submits that this Court should, pursuant to §538.225.7 RSMo., examine in-camera the written opinion of Stephen Godfrey, and enter its Order finding that the written opinion of Stephen Godfrey does not meet the requirements of §538.225 RSMo.; dismissing Plaintiff's claim against Defendant Hannibal; assessing any and all attorneys fees, costs and service fees to Plaintiff; and, for any and all further relief the Court may deem just and proper under the circumstances.

NEWMAN, COMLEY & RUTH P.C.

 /s/ Joshua L. Hill
Edward C. Clausen         #34621
Joshua L. Hill            #62951
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65102
573-634-2266
573-636-3306 (fax)
ed.c@ncrpc.com
hillj@ncrpc.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of July, 2016, a true and accurate copy of the foregoing was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

          /s/ Joshua L. Hill