UNITED STATES DISTRICT CIRCUIT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, in his individual capacity, | ) |
| | ) **JURY TRIAL DEMANDED** |
| and as representative of the estate of: | ) |
| | ) |
| ROSEMARY E. SCOTT, | ) |
| f/k/a ROSEMARY E. RILEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04294-MDH |
| | ) |
| HANNIBAL REGIONAL HOSPITAL, | ) |
| HANNIBAL REGIONAL HEALTHCARE SYSTEM, | ) |
| HANNIBAL CLINIC, | ) |
| BLESSING HOSPITAL, | ) |
| LANDMARK HOSPITAL, | ) |
| LANDMARK HOSPITALS, | ) |
| UNIVERSITY OF MISSOURI HOSPITAL, | ) |
| CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| BJC HEALTHCARE, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES 1 THROUGH 120, | ) |
| Defendants. | ) |

**DEFENDANT BARNES-JEWISH HOSPITAL'S AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. Pro. 15(a), Defendant Barnes-Jewish Hospital offers the following Amended response to Plaintiff's First Amended Complaint:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 1 and each and every subparagraph (a) – (f) of Plaintiff's First Amended Complaint and therefore denies the same.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 2 and each and every subparagraph (a) – (b) of Plaintiff's First

1

Amended Complaint and therefore denies the same.

## PARTIES

*Plaintiff*

3. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 3 and 4 of Plaintiff's First Amended Complaint and therefore denies the same.

*Plaintiff's Decedent*

4. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 5 and 6 of Plaintiff's First Amended Complaint and therefore denies the same.

*Defendants*

5. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 7-17 of Plaintiff's First Amended Complaint and therefore denies the same.

6. In response to Paragraph 18 of Plaintiff's First Amended Complaint, Defendant admits that it is a non-profit corporation. Its address is 216 South Kings Highway, St. Louis, Missouri. Defendant denies the remaining portions of Paragraph 18 of Plaintiff's First Amended Complaint.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 19-30 of Plaintiff's First Amended Complaint and therefore denies the same.

## AGENCY

8. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 31-36 of Plaintiff's First Amended Complaint and therefore denies the same.

## GENERAL ALLEGATIONS

9. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 37-72 and each and every subpart of those paragraphs of Plaintiff's First Amended Complaint and therefore denies the same.

## COUNT I

### WRONGFUL DEATH-MEDICAL NEGLIGENCE

The allegations contained in Count I of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

10. Defendant incorporates its responses to Paragraphs 1-72 as if set out herein in response to Paragraph 73 of Plaintiff's First Amended Complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 74-79 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count I of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT II

### WRONGFUL DEATH – RES IPSA LOQUITUR

The allegations contained in Count II of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

12. Defendant incorporates its responses to Paragraphs 1-79 as if set out herein in response to Paragraph 80 of Plaintiff's First Amended Complaint.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 81-89 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count II of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT III

### WRONGFUL DEATH – PUNITIVE DAMAGES

The allegations contained in Count III of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

14. Defendant incorporates its responses to Paragraphs 1-89 as if set out herein in response to Paragraph 90 of Plaintiff's First Amended Complaint.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 91-94 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count III of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT IV

## WRONGFUL DEATH – MEDICAL NEGLIGENCE

The allegations contained in Count IV of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

16. Defendant incorporates its responses to Paragraphs 1-94 as if set out herein in response to Paragraph 95 of Plaintiff's First Amended Complaint.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 96-101 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count IV of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT V

## WRONGFUL DEATH – LOST CHANCE OF RECOVERY OR SURVIVAL

The allegations contained in Count V of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

18. Defendant incorporates its responses to Paragraphs 1-101 as if set out herein in response to Paragraph 102 of Plaintiff's First Amended Complaint.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 103-109 of Plaintiff's First Amended Complaint and therefore

denies the same.

WHEREFORE, having fully responded to Count V of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT VI

### WRONGFUL DEATH – PUNITIVE DAMAGES

The allegations contained in Count VI of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

20. Defendant incorporates its responses to Paragraphs 1-109 as if set out herein in response to Paragraph 110 of Plaintiff's First Amended Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 111-114 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count VI of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT VII

### WRONGFUL DEATH – MEDICAL NEGLIGENCE

The allegations contained in Count VII of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

22. Defendant incorporates its responses to Paragraphs 1-114 as if set out herein in response to Paragraph 115 of Plaintiff's First Amended Complaint.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 116-122 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count VII of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT VIII

### WRONGFUL DEATH – LOST CHANCE OF RECOVERY OR SURVIVAL

The allegations contained in Count VIII of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

24. Defendant incorporates its responses to Paragraphs 1-122 as if set out herein in response to Paragraph 123 of Plaintiff's First Amended Complaint.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 124-130 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count VIII of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT IX

## WRONGFUL DEATH – PUNITIVE DAMAGES

The allegations contained in Count IX of Plaintiff's First Amended Complaint relate to conduct of parties other than this Defendant, and therefore no response is required on behalf of this Defendant. To the extent a response is deemed required, however, Defendant states as follows:

26. Defendant incorporates its responses to Paragraphs 1-130 as if set out herein in response to Paragraph 131 of Plaintiff's First Amended Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraphs 132-135 of Plaintiff's First Amended Complaint and therefore denies the same.

WHEREFORE, having fully responded to Count IX of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT X

## WRONGFUL DEATH – MEDICAL NEGLIGENCE

28. Defendant incorporates its responses to Paragraphs 1-135 as if set out herein in response to Paragraph 136 of Plaintiff's First Amended Complaint.

29. Paragraph 137 contains allegations to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 137 of Plaintiff's First Amended Complaint and therefore denies the same.

30. Defendant denies the allegations contained in Paragraphs 138-140 of Plaintiff's First Amended Complaint.

31. Defendant denies that there was negligent conduct that caused or contributed to decedent's death in response to Paragraph 141 of Plaintiff's First Amended Complaint. Defendant denies that John Does 101-120 were acting as agents of BJC in response to Paragraph 141 of Plaintiff's First Amended Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint and therefore denies the same.

32. Defendant denies the allegations contained in Paragraphs 142-143 of Plaintiff's First Amended Complaint.

WHEREFORE, having fully responded to Count X of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT XI

### WRONGFUL DEATH – LOST CHANCE OF RECOVERY OR SURVIVAL

33. Defendant incorporates its responses to Paragraphs 1-143 as if set out herein in response to Paragraph 144 of Plaintiff's First Amended Complaint.

34. Paragraph 145 contains allegations to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 145 of Plaintiff's First Amended Complaint and therefore denies the same.

35. Defendant denies the allegations contained in Paragraphs 146-148 of Plaintiff's First Amended Complaint.

36. Defendant denies that there was negligent conduct that caused a loss chance of recovery and survival in response to Paragraph 149 of Plaintiff's First Amended Complaint. Defendant denies that John Does 101-120 were acting as agents of BJC in response to Paragraph

9

149 of Plaintiff's First Amended Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 149 of Plaintiff's First Amended Complaint and therefore denies the same.

37. Defendant denies the allegations contained in Paragraphs 150-151 of Plaintiff's First Amended Complaint.

WHEREFORE, having fully responded to Count XI of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

## COUNT XII

### WRONGFUL DEATH – PUNITIVE DAMAGES

38. Defendant incorporates its responses to Paragraphs 1-151 as if set out herein in response to Paragraph 152 of Plaintiff's First Amended Complaint.

39. Paragraph 153 contains allegations to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 153 of Plaintiff's First Amended Complaint and therefore denies the same.

40. Defendant denies the allegations contained in Paragraphs 154-156 of Plaintiff's First Amended Complaint.

WHEREFORE, having fully responded to Count XII of Plaintiff's First Amended Complaint, Defendant seeks judgment in its favor, its costs and expenses incurred herein, and such further relief as this Court deems just and equitable.

### AFFIRMATIVE DEFENSES

1. Defendant denies all allegations not specifically admitted above.

2. Plaintiff's claims are barred by the applicable statute of limitations, Rev. Mo. Stat. §§ 516.105; 537.100.

3. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against defendant.

4. Plaintiff's claim for special damages should be reduced or offset for reductions under applicable governmental health care payment programs such as Medicare, Medicaid and/or any applicable private insurance.

5. In the event that damages are assessed against defendant, such damages are limited by the application of Rev. Mo. Stat. §538.210.

6. Pursuant to Rev. Mo. Stat. §537.060, defendant is entitled to a reduction of the claim against defendants by the amount of settlement entered into by plaintiff and any settling party, person, or entity.

7. Defendant hereby incorporates the provisions of Chapters 538 and 537 R.S.Mo. relating to actions against health care providers, pursuant to Missouri law, and more specifically:

   a. Defendant requests that any verdict in the above cause be reduced by the stipulated amount of any agreement or in the amount of consideration paid, whichever is greater pursuant to §537.060, R.S.Mo.;

   b. Defendant requests that any verdict rendered in the above cause for future damages be itemized and expressed by the trier of fact at present value pursuant to §538.215, R.S.Mo.;

   c. That in the event of a total award of damages in excess of One Hundred Thousand Dollars ($100,000), the Court include in the judgment a requirement that future damages of periodic or installment payments be made in accordance with the provisions of §538.220, R.S.Mo.; and

   d. That in the event non-economic damages are awarded to plaintiff, the limitation on non-economic damages provided under §538.215.3, R.S.Mo "[a]ny award of non-economic damages in excess of the limit provided . . . shall be reduced by the court to the maximum amount" allowed by law.

8. Any law of the State of Missouri, whether enacted by the Missouri legislature or founded

upon the decisions of Missouri courts which allows joint and several liability in a system of pure comparative fault, is unconstitutional, violates public policy, and denies due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 2 and 10 of the Missouri State Constitution.

9. If plaintiff has been damaged, which defendant denies, then such damages were caused or contributed to be caused by the negligence and/or fault of the plaintiff or others over whom defendants had no control, and which negligence and/or fault must be compared and apportioned, pursuant to §537.067 R.S.Mo., and any other applicable statutory or case law, reducing or completely barring plaintiff's alleged right to recover against defendant.

10. Plaintiff's First Amended Complaint seeks special damages but fails to plead with particularity those items of damage sought as required by Supreme Court Rule 55.19, and therefore no damages should be recoverable other than those specifically pled.

11. Plaintiff and decedent failed to mitigate their damages.

12. If Plaintiff suffered an injury, such injury was the result of an intervening and superseding cause of damages.

13. Plaintiff is not entitled to the recovery sought in the First Amended Complaint, as Decedent was informed of, consented to, and assumed the risks of all medical care and treatment.

14. Any injury or damage allegedly sustained by Plaintiff was the direct and unavoidable consequence of Plaintiff or Decedent's preexisting physical and/or mental condition and was not caused by or contributed to be caused by the fault of any entity or individual.

15. Any other affirmative defenses pleaded by any other defendant are hereby incorporated by reference to the extent that they do not conflict with Defendant's affirmative defenses.

17. Plaintiff's claims for punitive damages should be dismissed because Defendant has not engaged in any deliberate or malicious actions that caused, or contributed to cause to any

circumstances constituting or demonstrating reckless disregard or conscious indifference to the rights or interests of others.

18. Plaintiff's claims for punitive damages against Defendant are limited by Missouri Revised Statute § 510.265.

19. Plaintiff may not recover punitive damages against Defendant for the following reasons:

   a. The standard by which Defendant's conduct is to be determined, as alleged by Plaintiff, is vague and wholly arbitrary and, as such, denies due process and is in violation of the Missouri Constitution, Article 1, Section 10.

   b. The standard by which Defendant's conduct is to be determined, as alleged by Plaintiff, is vague and wholly arbitrary and, as such, denies due process and is in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

   c. The standards for determining the amount of damages and/or subsequent imposition of damages are vague, and supply no notice to the Defendant of the potential repercussions of its conduct, and therefore deny due process under the Missouri Constitution, Article 1, Section 10.

   d. The standards for determining the amount of damages and/or subsequent imposition of damages are vague, supply no notice to Defendant of the potential repercussions of its conduct, and therefore deny due process under the Fifth and Fourteenth Amendments of the United States Constitution.

   e. Plaintiff's requests for punitive damages against Defendant constitute a denial of equal protection under the law and violate the Fifth and Fourteenth Amendments of the United States Constitution in that Defendant's worth may be considered by the jury in determining the amount of such an award.

   f. Plaintiff's requests for punitive damages against Defendant cannot protect this answering defendant against multiple punishments for the same alleged wrong thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

   g. Plaintiff's request for punitive damages against Defendant cannot protect Defendant against multiple punishments for the same alleged wrong thereby denying due process under the Missouri Constitution, Article 1, Section 10.

   h. Plaintiff's claims for punitive damages has not been proven by "clear and convincing" evidence.

20. Any award based on Plaintiff's claims for punitive damages must be reduced by setoff of all other awards in other suits arising out the incident that is the subject matter of this action.

21. Plaintiff failed to file the required affidavit pursuant to Mo. Rev. Stat. § 538.225.1 for a medical malpractice claim.

22. Defendant reserves the right to assert such other and further affirmative defenses subsequently learned through the course of discovery or otherwise.

WHEREFORE, having fully responded to Plaintiff's First Amended Complaint, Defendant respectfully requests judgment in its favor on all counts, for its costs, and for any other relief deemed just and appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Diana L. Beckman*
Thomas A. Rottinghaus        MO Bar #50106
Diana L. Beckman             MO Bar #57967
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste. 300
Kansas City, MO  64112
Phone: 816-701-1100; Fax: 816-621-3395
trottinghaus@wcllp.com; dbeckman@wcllp.com
**ATTORNEYS FOR DEFENDANTS
BARNES-JEWISH HOSPITAL AND
BJC HEALTHCARE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2016, the foregoing document was filed utilizing this Court's ECF system, and was then served via this Court's electronic method for distribution to all counsel and parties of record.

*/s/ Diana L. Beckman*
**Attorney for Defendant**