UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, in his individual capacity, | ) |
| | ) JURY TRIAL DEMANDED |
| and as representative of the estate of: | ) |
| | ) |
| ROSEMARY E. SCOTT, | ) |
| f/k/a ROSEMARY E. RILEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04294-MDH |
| | ) |
| HANNIBAL REGIONAL HOSPITAL, | ) |
| HANNIBAL REGIONAL HEALTHCARE SYSTEM, | ) |
| HANNIBAL CLINIC, | ) |
| BLESSING HOSPITAL, | ) |
| LANDMARK HOSPITAL, | ) |
| LANDMARK HOSPITALS, | ) |
| UNIVERSITY OF MISSOURI HOSPITAL, | ) |
| CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| BJC HEALTHCARE, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES 1 THROUGH 120, | ) |
| Defendants. | ) |

**DEFENDANTS BARNES-JEWISH HOSPTIAL AND BJC HEALTHCARE'S
MOTION TO DISMISS AND SUGGESTIONS IN SUPPORT**

Defendants Barnes-Jewish Hospital and BJC Healthcare, pursuant to Rev. Mo. Stat. § 538.225, hereby move this Court to Dismiss Plaintiff's action. Plaintiff failed to timely file a sufficient healthcare affidavit of merit setting forth the opinion of a legally qualified healthcare professional. The opinion relied on was not made by a legally qualified healthcare professional and was expressed only conditionally. For these reasons, the action must now be dismissed.

# I. MOTION TO DISMISS FOR FAILURE TO TIMELY FILE AN ADEQUATE HEALTHCARE AFFIDAVIT OF MERIT

Missouri Revised Statute § 538.225 requires a plaintiff pursing a claim for personal injury against a health care provider based on rendering health care to file an affidavit of merit:

> In any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

R.S.Mo. § 538.225.1. The purpose of the statute is to "eliminate at the early stages of litigation medical malpractice actions against health care providers which lack the color of merit and to protect the public against the costs of ungrounded medical malpractice claims." *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 905 (Mo. Ct. App. 1996) (citing *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 507 (Mo. banc 1991)).

The health care affidavit is required to be filed no later than **ninety days** after the filing of the petition, unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days. R.S.Mo. § 538.225.5. The statute further requires dismissal if the affidavit is not filed: "[i]f the plaintiff or his attorney fails to file such affidavit the court **shall**, upon motion of any party, **dismiss the action** against such moving party without prejudice." R.S.Mo. § 538.225.6 (emphasis added).

A health care affidavit of merit is required in all actions involving claims against a healthcare provider related to rendering of health care services, regardless of how they are characterized by the plaintiff. *See J.K.M. v. Dempsey,* 317 S.W.3d 621, 626–27 (Mo. App. 2010) (finding affidavit was required although claims were pleaded as breach of fiduciary duty, assault,

and battery). Here, the claims against Defendants are described as "Medical Negligence" and relate to the alleged rendering of health care services while decedent was at Barnes-Jewish Hospital. Am. Comp., ¶¶ 136-43 [Doc. #6].

The Court approved Plaintiff's request for additional time to file the Affidavits, extending the deadline to June 16, 2016. Plaintiff filed healthcare affidavits of merit on or about June 16, 2016 separately against Barnes-Jewish Hospital and BJC Healthcare. The Affidavits contain the same language against both entities and indicate that Plaintiff has:

> [O]btained the opinion of a legally qualified health care provider which states that the defendant health care provider [Barnes-Jewish Hospital or BJC Healthcare], including its individual health care providers who treated Rosemary Scott (John Does 101 through 120), if they acted and failed to act as alleged in Plaintiff's Complaint, failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use reasonable care directly caused or directly contributed to cause the damages claimed in his Complaint.

(Health Care Affidavits, at ¶ 3 [Doc. #13.6, 13.7]).

The Affidavits identified Plaintiff's "qualified health care provider" as Dr. Stephen Godfrey, who is "actively practicing as a pathologist" and "performed a private autopsy of [decedent]." (*Id.*, at ¶¶ 4-6.)

### 1. Plaintiff's Affidavits of Merit are Insufficient Because Dr. Godfrey is Not a Legally Qualified Health Care Provider.

Mo. Rev. Stat. § 538.225.2 defines a "legally qualified health care provider" as:

> a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as defendant.

Plaintiff's claims against Defendants Barnes-Jewish Hospital and BJC Healthcare appear to relate primarily to two allegations: (1) an alleged failure to identify the presence of sponges previously left in decedent's abdomen sometime in the 1980s; and (2) an alleged failure to

4838-6863-8517, v. 1

operate or provide additional treatment to decedent. (Am. Compl., ¶¶ 37, 61, 136-43. [Doc. #6]). The legislative intent of §538.225 was to "prevent plaintiffs from relying on opinions from health care providers with minimal to no experience in performing the procedure in question." *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 690 (Mo. 2010).

Although a provider does not need to possess the same board certifications as a defendant, Courts require that the provider offering the opinion have experience in the subject matter. *See, e.g.*, *id.* (recognizing that although an affiant radiologist did not share the same certification as the defendant neurosurgeon, the affiant had extensive experience with the medical procedure in question and had been involved in more than 3,000 subject surgeries, written book chapters, authored peer-reviewed articles, and given lectures and scientific presentations about the procedure); *Kreutz v. Curators of Univ. of Missouri*, 363 S.W.3d 61 (Mo. App. 2011) (approving of the striking of a healthcare affidavit when the affiant had general knowledge of the subject of the lawsuit (administering and monitoring of medication) but did not actively practice in that area).

Here the subject of the complaints against Barnes-Jewish Hospital and BJC Healthcare relate generally to an alleged failure identify the presence of sponges in decedent's abdomen, and failure to provide additional interventions. Although Dr. Godfrey's specialty as a pathologist does not automatically disqualify him from providing opinions about surgery, the opinion must be excluded here because the affidavit provides no basis for Dr. Godfrey's experience. There is no indication that Dr. Godfrey has experience with identifying foreign objects in the abdomen or deciding to undertake additional surgical interventions. Without a description of Dr. Godfrey's experience to opine on these subjects, he cannot be a "legally qualified healthcare provider" under the statute, and the Affidavits based on his opinions should be stricken.

### 2. Plaintiff's Affidavits of Merit are Insufficient Because They Contain Only Conditional Opinions of a Health Care Provider.

Even assuming Dr. Godfrey was qualified to provide opinions concerning the care and treatment provided by Barnes-Jewish Hospital or BJC Healthcare, Plaintiff's Affidavits should be excluded for the additional reason that they do not contain direct opinions concerning Defendant's care and/or treatment. Plaintiff's affidavits base Dr. Godfrey's opinions against Barnes-Jewish Hospital and BJC Healthcare on whether they acted in a manner consistent with the allegations made in Plaintiff's Complaint. The affidavits merely indicate a conditional opinion, offered only "*if* they acted and failed to act as alleged in Plaintiff's Complaint." (Health Care Affidavits, at ¶ 3 [Doc. #13.6, 13.7]) (emphasis added). The Affidavits on their face do not contain a conclusion from a qualified healthcare provider that the defendants failed to use reasonable care, and that the failure caused or directly contributed to cause damages, as is required under Mo. Rev. Stat. § 538.225. There is no indication that a health care provider has actually reviewed the conduct of the Defendants and can render an opinion consistent with the requirements of Mo. Rev. Stat. § 538.225.

### 3. Plaintiff's Action Must Now Be Dismissed.

Because Plaintiff failed to file a healthcare affidavit of merit that complied with the statute, Plaintiff's claim must now be dismissed. *See, e.g.*, *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. 2011) (plaintiff's medical malpractice claim was properly dismissed for failure to file a section 538.225 health care affidavit.) Dismissal of this action is required. *See* RSMo. § 538.225.6; *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007) ("[I]f a party files a motion to dismiss for failure to file a health care affidavit, and a statutorily adequate health care affidavit has not been timely filed, the trial court **must** dismiss the complaint without prejudice.") (emphasis added).

Plaintiff filed his Complaint against Defendants Barnes-Jewish Hospital and BJC Healthcare on December 19, 2015. Under Mo. Rev. Stat. § 538.225.5, Plaintiff had 90 days within which to timely file a healthcare affidavit, or until March 18, 2016. Plaintiff requested additional time, and it was granted, giving him until June 16, 2016 to file the affidavits. The time allowed for an extension is limited by statute to 90 days. Mo. Rev. Stat. § 538.225.5. Plaintiff's time to file a valid healthcare affidavit of merit has therefore expired. Without a sufficient affidavit, Plaintiff's claims against Defendants Barnes-Jewish Hospital and BJC Healthcare must be dismissed.

## II. ALTERNATIVE MOTION FOR IN-CAMERA INSPECTION

In the alternative to their Motion to Dismiss, Defendants Barnes-Jewish Hospital and BJC Healthcare seek the Court's in-camera inspection of the written opinion described in plaintiff's healthcare affidavit. Rev. Mo. Stat. § 538.225.7 provides that:

> Within one hundred eighty days after the filing of the petition, any defendant may file a motion to have the court examine in camera the aforesaid opinion and if the court determines that the opinion fails to meet the requirements of this section, then the court shall conduct a hearing within thirty days to determine whether there is probable cause to believe that one or more qualified and competent health care providers will testify that the plaintiff was injured due to medical negligence by a defendant. If the court finds that there is no such probable cause, the court shall dismiss the petition and hold the plaintiff responsible for the payment of the defendant's reasonable attorney fees and costs.

Should the Court deny Defendant's Motion to Dismiss, Defendants seek this Court's in-camera examination of the opinion.

**WHEREFORE**, for the above and foregoing reasons, Defendants Barnes-Jewish Hospital and BJC Healthcare request that the Court grant their Motion to Dismiss, dismiss Plaintiffs' claim, and enter such other and further relief the Court finds just and equitable.

4838-6863-8517, v. 1

RESPECTFULLY SUBMITTED,

*/s/ Diana L. Beckman*
Thomas A. Rottinghaus    MO Bar #5010
Diana L. Beckman        MO Bar #57967
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: 816-701-1100; Fax: 816-621-3395
trottinghaus@wcllp.com; dbeckman@wcllp.com
**ATTORNEYS FOR DEFENDANTS**
**BARNES-JEWISH HOSPITAL AND**
**BJC HEALTHCARE**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of July, 2016, the foregoing document was filed utilizing this Court's ECF system, and was then served via this Court's electronic method for distribution to all counsel and parties of record.

*/s/ Diana L. Beckman*

**ATTORNEYS FOR DEFENDANTS**
**BARNES-JEWISH HOSPITAL AND**
**BJC HEALTHCARE**