UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ZACKARY RILEY, in his individual capacity, and as representative of the estate of: ROSEMARY E. SCOTT, f/k/a ROSEMARY E. RILEY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:15-CV-04294 |
| HANNIBAL REGIONAL HOSPITAL, HANNIBAL REGIONAL HEALTHCARE SYSTEM, HANNIBAL CLINIC, BLESSING HOSPITAL, LANDMARK HOSPITAL, LANDMARK MANAGEMENT SERVICES OF FLORIDA, LLC, UNIVERSITY OF MISSOURI HOSPITAL, CURATORS OF THE UNIVERSITY OF MISSOURI, BARNES-JEWISH HOSPITAL, BJC HEALTHCARE and JOHN DOES 1 THROUGH 120, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT THE CURATORS OF THE UNIVERSITY OF MISSOURI'S AND PURPORTED DEFENDANT UNIVERSITY OF MISSOURI HOSPITAL'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW defendant The Curators of the University of Missouri and purported defendant University of Missouri Hospital and, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure, move this Court to dismiss plaintiff's First Amended Complaint against them, stating the following in support:

### Motion to Dismiss The Curators of the University of Missouri
### Based Upon Sovereign Immunity

Plaintiff's First Amended Complaint is a wrongful death/loss of chance of survival or recovery action based upon alleged medical negligence. Plaintiff names as one of the defendants The Curators of the University of Missouri ("The Curators"). The First Amended Complaint alleges that The Curators' "negligent failure to properly diagnose and treat [plaintiff's decedent] caused or contributed to her death" and alleges that The Curators' negligent care of decedent caused her to lose a "substantial chance of recovery."

Plaintiff is barred from bringing these claims by the Eleventh Amendment, which provides in part that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." In addition to suits by citizens of another state, the Supreme Court has long held that the Eleventh Amendment also bars suits against a state by its own citizens. See **Edelman v. Jordan**, 415 U.S. 651, 662-663 (1974); **Hans v. Louisiana**, 134 U.S. 1, 15 (1890).

The determination of whether the Eleventh Amendment provides immunity in a particular case is a two-step process. See, e.g., **Davis v. Kansas City Housing Authority**, 822 F. Supp., 609, 620 (W.D. Mo. 1993). The first step is determining whether the action is against the state. *Id.* This Court has previously held that "the law is clear that . . . the Curators of the University of Missouri are representatives of the State entitled to immunity under the Eleventh Amendment unless it has been waived." **Long v. Curators of the University of Missouri,** 1993 U.S. Dist. LEXIS 2475, *2 (W.D. Mo. Feb. 23, 1993); *citing* **Hoferek v. University of Missouri**, 604 F. Supp. 938, 940 (W.D. Mo. 1985). In **Sherman v. Curators of the University of Missouri,** this Court explained that because The Curators do not "enjoy a significant level of autonomy from

the state" and a judgment against The Curators "would ultimately be derived from the state treasury," The Curators are protected by Eleventh Amendment. 871 F.Supp. 344, 346-48.

The next step is determining if the state has waived its immunity. A waiver of Eleventh Amendment immunity by a state must "be by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). This Court has considered this issue and held that The Curators and the legislature have done nothing to waive Eleventh Amendment immunity or otherwise consent to suit in federal court. *Hoferek v. University of Missouri,* 604 F.Supp. 938, 946 (W.D. Mo. 1985); *Long,* 1993 U.S. Dist. LEXIS 2475, *2. Plaintiff has not even attempted to allege waiver on the part of The Curators.

Plaintiff's First Amended Complaint against The Curators of the University of Missouri is clearly barred by the Eleventh Amendment and should be dismissed.

WHEREFORE, defendant The Curators of the University of Missouri prays that plaintiff's First Amended Complaint be dismissed as to it and that this defendant recover its costs herein expended.

### Motion to Dismiss Purported Defendant University of Missouri Hospital Based Upon Lack of Capacity to Be Sued

Plaintiff appears to name as a separate defendant "University of Missouri Hospital," though no separate service of process has been had or waiver of service directed to University of Missouri Hospital. Regardless, purported defendant University of Missouri Hospital is not a legal entity capable of suing and being sued. "University of Missouri Health Care" and "University Hospital and Clinics" are fictitious names used by defendant The Curators.

A party to an action must be a legal entity; either a natural person, an artificial person, or a quasi artificial person. *Nye v. Gerald Harris Constr., Inc.*, 28 S.W.3d 905, 908 (Mo. App. S.D. 2000). Because University of Missouri Hospital is not a legal entity, dismissal of this purported defendant is appropriate.

WHEREFORE, purported defendant University of Missouri Hospital prays that plaintiff's First Amended Complaint be dismissed as to it and that this defendant recover its costs herein expended.

### Motion to Dismiss Based Upon Failure to Timely File an Adequate Healthcare Affidavit

Plaintiff's action purports to state claims against The Curators, University of Missouri Hospital, and their individual providers, John Does 81-100, arising from the defendants' alleged medical negligence. In such cases, Section 538.225.1, RSMo., imposes this requirement:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that her or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonable prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Section 538.225.2, RSMo., provides:

> As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.

The required affidavit must be filed within ninety days after the filing of the petition, unless the Court orders that the deadline be extended for a period of time not to exceed an additional ninety days. Section 538.225.5, RSMo.

Page 4 of 9

Case 2:15-cv-04294-MDH   Document 35   Filed 08/09/16   Page 4 of 9

Both the Eighth Circuit Court of Appeals and this Court have held that the health care affidavit requirement contained in Section 538.225, RSMo., applies to cases filed in federal court. *See* **Keating v. Smith**, 492 Fed. Appx. 707, 708 (8th Cir. 2012) (per curium) ("[W]e agree with the court that the medical malpractice claims failed because [plaintiff] did not comply with a Missouri statute requiring his timely submission of an affidavit based on the opinion of a legally qualified health-care provider certifying the merits of his case . . . We reject as meritless [plaintiff's] arguments that the statute did not apply merely because he filed suit in federal court."); **Hicks v. Denenny,** 2016 U.S. Dist. LEXIS 62518 (W.D. Mo. May 11, 2016) (dismissing suit for failure to comply with Section 538.225, RSMo.).

Plaintiff's Complaint was filed with this Court on December 19, 2015. On March 18, 2016, plaintiff moved for additional time to file the affidavits, explaining that he needed additional time to determine the specialty areas of the various John Doe defendants in order to obtain opinions from legally qualified health care providers. The Court granted plaintiff an additional 90 days to file the required affidavits. On June 16, 2016, plaintiff filed separate affidavits as to The Curators and University of Missouri Hospital, both stating that plaintiff had obtained a written opinion that each defendant and its individual providers, John Does 81-100, failed to use such care as a reasonably prudent health care provider would have under similar circumstances "if they acted and failed to act as alleged in Plaintiff's Complaint." Plaintiff identified his "legally qualified health care provider" as Dr. Stephen Godfrey, a pathologist. These affidavits fail to comply with the requirements of Section 538.225, RSMo., and plaintiff's First Amended Complaint should be dismissed.

First, Dr. Godfrey is not a "legally qualified health care provider" as that term is defined in Section 538.225.2. Dr. Godfrey is a pathologist. While the First Amended Complaint does
Page 5 of 9

Case 2:15-cv-04294-MDH   Document 35   Filed 08/09/16   Page 5 of 9

not identify the John Doe defendants or their specialties, it contains detailed allegations concerning the decedent's hospitalization and the defendants' acts and failures to act—none of which are pathology-related.  In order for Dr. Godfrey to be a "legally qualified health care provider," he must actively practice, or be within five years of retirement from actively practicing, substantially the same specialty as the defendant.  Section 538.225.2, RSMo.; *see also* **Spradling v. SSM Health Care St. Louis,** 313 S.W.3d 683, 689 (Mo. banc 2010); **Kreutz v. Curators of the University of Missouri,** 363 S.W.3d 61, 64 (Mo. App. W.D. 2011) ("The legislature requires that the healthcare provider actively practice under similar circumstances in order to provide an opinion that a defendant doctor breached the necessary standard of care in the profession and thereby caused a plaintiff's pleaded damages, and we must give effect to that intent.").  Plaintiff's request for additional time in which to file the health care affidavits recognizes this requirement—plaintiff explains that "[b]efore plaintiff can determine who is a 'legally qualified health care provider' as to each John Doe, plaintiff will need to identify each John Doe, at least to the extent of determining the practice specialty of each John Doe"— however, plaintiff has made no attempt to do so, filing nearly identical affidavits citing opinions from Dr. Godfrey for every defendant in this case.  Plaintiff's affidavits are inadequate because Dr. Godfrey is not qualified.

Second, plaintiff's affidavits are inadequate because they state only that Dr. Godfrey provided the opinion that defendants failed to use such care as a reasonably prudent health care provider would have under similar circumstances "*if they acted and failed to act as alleged in Plaintiff's Complaint.*" (emphasis added).  In other words, the First Amended Complaint alleges that defendants negligently failed to properly diagnose and treat the decedent, and if those allegations are true, Dr. Godfrey is of the opinion that defendants failed to exercise proper care.

This circular logic completely undermines the purpose of Section 538.225. Essentially, plaintiff has attested that Dr. Godfrey has examined the First Amended Complaint itself, rather than the underlying care and treatment provided by defendants. The affidavits filed by plaintiff in support of his claims against The Curators, University of Missouri Hospital, and John Does 81-100 are insufficient.

With the 90-day extension given by the Court, plaintiff had until June 16, 2016, to file a statutorily-compliant health care affidavit against defendants. He failed to do so. As a result, the Court must dismiss the action against The Curators, University of Missouri Health Care, and the associated John Does without prejudice. Section 538.225.6, RSMo.

WHEREFORE, defendant The Curators of the University of Missouri and purported defendant University of Missouri Hospital pray that plaintiff's First Amended Complaint be dismissed as to them and that they recover their costs herein expended.

### Motion to Dismiss Count VIII as Barred by the Statute of Limitations

Count VIII of plaintiff's First Amended Complaint purports to state a claim for "Wrongful Death—Lost Chance of Recovery or Survival" against The Curators, University of Missouri Hospital, and John Does 81-100. Because this claim is barred by a two-year statute of limitations, it should be dismissed.

The First Amended Complaint claims that the decedent was last treated at University Hospital on or about November 4, 2013, the day she was transferred to Barnes-Jewish Hospital. This case was filed on December 19, 2015, more than two years later. The two-year medical negligence statute of limitations, rather than the three-year wrongful death limitations period, applies to claims for lost chance of recovery or survival. In *Markham v. Fajatin,* the Eastern District Court of Appeals explained that a lost chance of survival claim cannot be filed as a

wrongful death action because "regardless of whether the lost chance of survival is greater than or less than 50%, it is impossible to prove that decedent's death resulted from the failure to properly diagnose and treat." 325 S.W.3d 455, 458 (Mo. App. E.D. 2010); *quoting* **Wollen v. DePaul Health Center,** 828 S.W.2d 681, 686 (Mo. banc 1992). Per **Wollen,** lost chance of survival actions are medical malpractice actions. 325 S.W.3d at 459. As such, the two-year statute of limitations found in Section 516.105, RSMo., applies, and any action for lost chance of survival or recovery must be brought within two years from the date of the occurrence of the act of neglect complained of. *Id.* at 460.

Based on plaintiff's own First Amended Complaint, the acts of neglect allegedly committed by The Curators, University of Missouri Hospital, and John Does 81-100 happened on or before November 4, 2013, more than two years before the filing of this suit. Consequently, they are barred by the statute of limitations, and Count VIII should be dismissed.

WHEREFORE, defendant The Curators of the University of Missouri and purported defendant University of Missouri Hospital pray that Count VIII of plaintiff's First Amended Complaint be dismissed as to them and that they recover their costs herein expended.

SMITH LEWIS, LLP

/s/ Colly J. Durley
Colly J. Durley, #33800
Amanda Allen Miller, #57873
111 South Ninth Street, Suite 200
P.O. Box 918
Columbia, MO 65205-0918
(573) 443-3141
(573) 442-6686 (Facsimile)
durley@smithlewis.com
miller@smithlewis.com

**Attorneys for Defendant The Curators of the University of Missouri**

CERTIFICATE OF SERVICE

I certify that on August 9, 2016, I served this document upon all attorneys of record through the Court's electronic filing system.

/s/ Colly J. Durley
Colly J. Durley

Page 9 of 9

Case 2:15-cv-04294-MDH   Document 35   Filed 08/09/16   Page 9 of 9