UNITED STATES DISTRICT CIRCUIT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04294-MDH |
| | ) |
| **HANNIBAL REGIONAL HOSPITAL**, et al. | ) |
| **Defendants**. | ) |

### SUGGESTIONS IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANTS HANNIBAL REGIONAL HEALTHCARE SYSTEM AND HANNIBAL REGIONAL HOSPITAL

Plaintiff Zackary Riley respectfully requests that the Court deny the Motions to Dismiss filed by Defendants Hannibal Regional Healthcare System, Inc. and Hannibal Regional Hospital ("Defendants," for purposes of these Suggestions), because the ten-year statute of repose does not apply to Plaintiff's wrongful death claims and because Plaintiff filed a statutorily adequate health care affidavit. Plaintiff further states:

1. Defendants filed two motions on July 11, 2016, through which they seek to be dismissed as parties.

2. In the first of the Motions, Defendants argued that a ten-year statute of repose found in § 516.105, RSMo, barred Plaintiff's action as to them because if either of Defendants was responsible for leaving a sponge inside Plaintiff's mother's abdomen, this occurred in the mid-to-late 1980s.

3. In the second Motion, Defendants argued that Plaintiff's affidavit submitted to comply with § 538.225, RSMo, was inadequate because the health care provider whose opinion

was the subject of the affidavit is not, according to Defendants, a "legally qualified health care provider."

4. Plaintiff's Suggestions in Opposition to both motions were due July 28, 2016, but this Court granted leave to file these Suggestions in Opposition by today, August 19, 2016.

### PLAINTIFF'S WRONGFUL DEATH CLAIMS ARE TIMELY: THE TEN-YEAR STATUTE OF REPOSE DOES NOT APPLY

In their first Motion, Defendants ask to be dismissed on the ground that all Plaintiff's claims against them are barred by a ten-year statute of repose for medical malpractice claims found in § 516.105, RSMo. That statute of repose does not apply to Plaintiff's claims against Defendants, which are all wrongful death claims pled under § 537.080, RSMo, and timely filed under § 537.100, RSMo. *See* First Amended Complaint ("Complaint"), ¶¶ 77, 87, 90-94. Plaintiff's claims are timely and Defendants' Motion should be denied.

Defendants' proposed statute of repose is found within the statute of limitations for "Actions against health care providers (medical malpractice)," which sets a limit of two years from the occurrence of a negligent act for filing "actions … for damages for malpractice, negligence, error or mistake related to health care." § 516.105.[1] Section 516.105(1) applies the discovery rule when the negligent act consists of permitting a foreign object to remain in a patient's body. § 516.105(1). The statute of repose cuts off the time in which the discovery rule may toll the limitation period, providing that "[i]n no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of[.]" § 516.105(3).

---

[1] Although the title given to the statute by the Revisor is not part of the statute, the fact that the title "Actions against health care providers (medical malpractice)" has been allowed to stand tends to indicate that the title accurately reflects the legislators' intent.

However, the wrongful death statute of limitations is "separate from the statute of limitations applicable to the underlying personal injury action." *Smith v. Brown & Williamson Tobacco Corp.*, 2007 Mo. App. LEXIS 1144 at *74 (Mo. App. W.D. 2007) (citing *Denton v. Soonattrukal*, 149 S.W.3d 517, 519 n.4 (Mo. App. S.D. 2004)). The statute of limitations for wrongful death actions is found § 537.100 and provides that "[e]very action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue." § 537.100. A cause of action for wrongful death accrues at the time of the decedent's death. *Frazee v. Partney*, 314 S.W.2d 915, 921 (Mo. banc 1953); *Boland v. St. Luke's Health Sys.*, 471 S.W.3d 703, 708 (Mo. banc 2015) (citing *Frazee*).

Whereas a personal injury action arising from a medical malpractice claim is barred after two years under § 536.105, and further subject to the statute of repose, on the other hand "[i]f death results from medical malpractice, the parties as named in § 537.080, may maintain a wrongful death action within the limitation period set out in § 537.100, much in the same manner as when death resulting from any tortious act gives rise to a right of action for wrongful death rather than a personal tort." *Caldwell v. Lester E. Cox Medical Centers-South*, 943 S.W.2d 5, 8-9 (Mo. App. S.D. 1997) (internal citations omitted). In Missouri, a wrongful death action "is neither a transmitted right nor a survival right." *O'Grady v. Brown*, 654 S.W.2d 904, 910 (Mo. banc 1983). "The wrongful death act creates a new cause of action where none existed at common law and did not revive a cause of action belonging to the deceased." *Id.* (quoting *State ex rel. Jewish Hospital v. Buder*, 540 S.W.2d 100, 104 (Mo. App. 1976)).

In *Caldwell v. Lester E. Cox Medical Centers-South*, the plaintiffs sued a hospital and two doctors for wrongful death based on negligent care of their son. *Caldwell* at 7. The plaintiffs filed their wrongful death counts less than three years, but longer than two years, after the child's

death. *Id*. They later sought to amend their petition by alleging lost chance of survival based on medical negligence. *Id*. The trial court struck and dismissed the new count, based on the two-year statute of limitations in § 536.105, and the Court of Appeals affirmed. *Id*. at 6. The plaintiffs argued that their lost chance of survival claim was governed by the three-year wrongful death statute of limitations, but the Court disagreed, stating that "[a] lost chance of survival action is a personal injury action which belongs solely to the injured party," whereas a wrongful death claim was "separate and distinct from the action for injuries to the decedent." *Id*. at 8-9. "If death results from medical malpractice, the parties as named in § 537.080, may maintain a wrongful death action within the limitation period set out in § 537.100." *Id*. at 9 (citing *Gramlich v. Travelers Ins. Co*., 640 S.W.2d 180, 186 (Mo. App. 1982) and *Baysinger v. Hanser*, 199 S.W.2d 644, 647 (Mo. 1947).

Plaintiff's claims against Defendants are for wrongful death, not medical malpractice. The ten-year statute of repose does not apply. The three-year statute of limitation in § 537.100 applies, which began running when the causes of action accrued on the date of Plaintiff's mother's death. Plaintiff filed his Complaint less than three years after his mother's death. Plaintiff's wrongful death claims are timely and Defendants' Motion to Dismiss should be denied.

**PLAINTIFF FILED A STATUTORILY ADEQUATE HEALTHCARE AFFIDAVIT**

In Defendants' second Motion to Dismiss, Defendants argue that Plaintiff's claims against them must be dismissed for lack of a timely and adequate healthcare affidavit required by § 538.225, RSMo. Plaintiff filed a timely, adequate affidavit and Defendants' Motion should be denied.

On or about June 16, 2016, Plaintiff filed his Affidavit of Zachary Riley ("Affidavit"),

attesting to Plaintiff's having obtained the written opinion of a legally qualified health care provider. June 16, 2016 was the extended due date set by this Court, so if the affidavit was adequate, it was also timely.

The Affidavit attests that Plaintiff had obtained the opinion of Dr. Stephen Godfrey, of St. Louis, Missouri. Dr. Godfrey's opinion states that Defendants, "if they acted and failed to act as alleged in Plaintiff's Complaint, failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed" in Plaintiff's Complaint.

As attested in the Affidavit, Dr. Godfrey is actively practicing as a pathologist. Defendants argue that the affidavit does not satisfy § 538.225 because Dr. Godfrey, as a pathologist, does not "perform the same procedure as the defendant doctor" and therefore, under the case law, does not practice in "substantially the same specialty as the defendant" as required by the statute's definition of "legally qualified health care provider." Defendants assume the "defendant doctor" was a surgeon.

If for no other reason, Defendants' argument fails because the identity, and therefore the specialty, of the individual health care provider who left the sponge behind is unknown. All individual health care providers named as defendants in Plaintiff's Complaint are named as John Does. Prior to filing suit, Plaintiff sought medical records from multiple defendants in this suit, in an attempt to determine where and when his mother may have undergone abdominal surgery during the relevant time period, but he was unsuccessful. As a result, Plaintiff does not know which, if any, of the medical providers working for Defendants at the relevant time treated his mother and left the sponge behind. Neither have Defendants claimed to know.

Defendants premise their argument on the assumption that the medical provider who left behind the sponge must have been a surgeon. But Plaintiff did not allege that a surgeon left behind the sponge. And although it may seem likely that a surgeon left the sponge behind, it is not a known fact. The definition of "health care provider" includes many possible entities:

> As used in sections 538.205 to 538.230, the following terms shall mean:
> …
> (5) "Health care provider," any physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility including those licensed under chapter 198, dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides health care services under the authority of a license or certificate.
>
> § 538.205(5), RSMo.

Based on current information, there are multiple categories of health care provider in this definition that cannot yet be eliminated from responsibility for leaving the sponge, including a non-surgeon physician, a registered or licensed practical nurse, a physician-in-training, or "any other person or entity that provides health care services under the authority of a license or certificate."

Until it is known who was responsible for inserting, tracking, or removing the sponges from Rosemary's body during the relevant procedure, no one can claim to know what specialty that person practiced. Defendants' argument depends on a fact or allegation that does not appear in the Complaint and therefore cannot support their Motion to Dismiss. The Motion lacks an adequate basis and must be denied. Assuming the law permits, a logical solution may be to conduct discovery in order to identify the specialties of the relevant providers, then at that point allow Plaintiff to obtain one or more opinions corresponding to the relevant specialties or experience.

Second, in this case Dr. Godfrey's opinion fulfills the purpose of requiring the opinion of

a provider in "substantially the same specialty as defendant." The purpose of § 538.225 is to "eliminate at the early stages of litigation medical malpractice actions against health care providers which lack the color of merit and to protect the public against the costs of ungrounded medical malpractice claims." *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 905 (Mo. Ct. App. 1996) (citing *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 507 (Mo. banc 1991)). That should not be a particular concern in this case. Even a layman can understand why leaving a sponge inside a patient's body is negligent, which is why Count II of the Complaint alleges that Defendants are liable under a *res ipsa loquitur* theory. Certainly, Dr. Godfrey is qualified to state an opinion on negligence under these circumstances, regardless of what the actual specialty of the provider responsible turns out to be.

Third, Dr. Godfrey's specialty, in particular, offers appropriate expertise as to the liability of the provider(s) responsible for leaving the sponge in Rosemary's body. Plaintiff alleges, as Dr. Godfrey found, that the sponge left behind in Rosemary's body was the springboard for an infection that spread into Rosemary's abdomen and blood and caused or contributed to her death. Until the specialty of the provider(s) responsible is known, expertise into the pathological consequences of leaving the sponge, which is directly relevant to causation and damages, is arguably the most relevant type that can be offered.

*In-Camera Review*

Plaintiff is amenable to an in-camera inspection of Dr. Godfrey's opinion, as Defendants requested in the alternative, which may address Defendants' concerns. In the event the Court finds the Affidavits inadequate, Plaintiff moves for leave to amend the Affidavits or to submit such other further information concerning Dr. Godfrey as the Court may deem appropriate.

WHEREFORE Plaintiff Zackary Riley respectfully requests that the Court deny Defendants' Motion to Dismiss or, in the alternative, permit Plaintiff to submit a medical

provider affidavit after such time as the specialties of the John Doe health care providers are determined or, in the alternative, permit Plaintiff to submit such additional information concerning Dr. Godfrey as the Court may deem appropriate to establish that he is a "legally qualified medical provider," and grant Plaintiff such other relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,

JOHNSTON & SMITH, LLC

/s/George S. Smith             .

George S. Smith, Mo Bar # 53019
2800 Forum Boulevard, Ste. 3
Columbia, Missouri 65203
Telephone:   573-499-1616
Fax:         573-449-3004
*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 19th day of August, 2016, a true and accurate copy of the foregoing was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

                                                               /s/George S. Smith