UNITED STATES DISTRICT CIRCUIT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04294-MDH |
| | ) |
| HANNIBAL REGIONAL HOSPITAL, et al. | ) |
| **Defendants**. | ) |

## SUGGESTIONS IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANTS BARNES-JEWISH HOSPTIAL AND BJC HEALTHCARE

Plaintiff Zackary Riley respectfully requests that the Court deny the Motions to Dismiss filed by Defendants Barnes-Jewish Hospital and BJC Healthcare ("Defendants," for purposes of these Suggestions), because Plaintiff filed statutorily adequate health care affidavits. Plaintiff further states:

1. Defendants filed a Motion to Dismiss on July 22, 2016, through which they seek to be dismissed as parties.

2. Defendants argue that Plaintiff's affidavits submitted to comply with § 538.225, RSMo, were inadequate because:

    a. The health care provider whose opinion was the subject of the affidavits is not a "legally qualified health care provider"; and

    a. The opinion provided by the health care provider was "conditional," and therefore inadequate.

3. Plaintiff's Suggestions in Opposition to both motions were due August 8, 2016, but this Court granted leave to file these Suggestions in Opposition by today, August 19, 2016.

## **PLAINTIFF FILED STATUTORILY ADEQUATE HEALTHCARE AFFIDAVITS**

On June 16, 2016, as to each Defendant, Plaintiff filed an Affidavit of Zachary Riley ("Affidavit"), attesting to Plaintiff's having obtained the written opinion of a legally qualified health care provider. June 16, 2016 was the extended due date set by this Court for the Affidavits, so if they were adequate, they were timely. Because the Affidavits were adequate and timely, Defendants' Motion should be denied.

*Dr. Godfrey Is a "Legally Qualified Health Care Provider"*

The Affidavits attest that Plaintiff had obtained the opinion of Dr. Stephen Godfrey, of St. Louis, Missouri, that Defendants, "if they acted and failed to act as alleged in Plaintiff's Complaint, failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed" in Plaintiff's Complaint.

As attested in the Affidavits, Dr. Godfrey is actively practicing as a pathologist. Defendants allow that "Dr. Godfrey's specialty as a pathologist does not automatically disqualify him from providing opinions about surgery" but argue that, nevertheless, "the opinion must be excluded here because the affidavit provides no basis for Dr. Godfrey's experience. More specifically, Defendants argue that "[t]here is no indication that Dr. Godfrey has experience with identifying foreign objects in the abdomen or deciding to undertake additional surgical interventions."

Section 538.225 requires that an affidavit state the plaintiff has received the written opinion of a "legally qualified health care provider" as to the ultimate fact "that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable

care directly caused or directly contributed to cause the damages claimed in the petition," and that it "shall state the name, address, and qualifications of such health care providers to offer such opinion." § 538.225. Plaintiff's Affidavits state that Plaintiff received the provider's opinion on reasonable care, causation, and damages, and state the provider's name and address. They also state the provider's qualifications, which is the closest the statute comes to requiring a statement of experience: Dr. Godfrey is a pathologist, licensed in Missouri, who performed an autopsy of the person whose treatment is at issue. Plaintiff recognizes that Defendants' argument is implicitly about the definition of "legally qualified health care provider" rather than the specific requirements listed in the statute, but the effect is the same. To satisfy Defendants' objection, information not required by the statute would have to have been included in the Affidavits.

In support of the argument that the Affidavits require a statement about Dr. Godfrey's experience, Defendants cite *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 690 (Mo. 2010) and *Kreutz v. Curators of the Univ. of Mo.*, 363 S.W.3d 61 (Mo. App. W.D. 2011). Under these cases, a statement of a provider's experience is not a requirement but an alternate route to showing that the provider practices in "substantially the same specialty as the defendant." *See Spradling* at 689-690 ("While Dr. Mathis is a radiologist rather than a neurosurgeon, his experience establishes that he was actively practicing 'substantially the same specialty' as the defendant in that he has sufficient experience in performing vertebroplasties.") and *Kreutz* at 64 (*Spradling* "interpreted 'substantially the same specialty as the defendant' to include doctors who may not share the same board certification as the defendant doctor but perform the same procedure as the defendant doctor."). In both cases, the plaintiffs submitted supplemental affidavits to establish the providers' experience and credentials. *See Spradling* at 689; *see Kreutz*

at 63.

In focusing on experience, Defendants' Motion takes for granted that otherwise the Affidavits would have to state that Dr. Godfrey's specialty is surgery. But, again, Defendants are arguing that Plaintiff had to show Dr. Godfrey practices in "substantially the same specialty as the defendant" health care provider, and the specialty of the individual negligent defendant health care providers is neither alleged nor known. All individual health care providers named as defendants in Plaintiff's Complaint are named as John Does. Plaintiff does not yet know, and has not alleged, which of the medical providers working for Defendants at the relevant time treated his mother.

Assuming the law permits, a logical solution may be to conduct discovery in order to identify the specialties of the relevant providers, then at that point allow Plaintiff to obtain one or more opinions corresponding to the relevant specialties or experience.

*The Affidavits Are Not Inadequate Due to "Conditional" Opinions*

Defendants also argue that the Affidavits are inadequate because they "do not contain direct opinions concerning Defendant's care and/or treatment" but are based on "whether they acted in a manner consistent with the allegations made in Plaintiff's Complaint." Defendant argues that the Affidavits "merely indicate a conditional opinion, offered only "*if* they acted and failed to act as alleged in Plaintiff's Complaint."

The inclusion of "if" is Plaintiff's attempt to reflect the fact that, in addition to his direct inspection of Rosemary's body, Dr. Godfrey was working from information provided by Plaintiff as to the roles of multiple providers at multiple facilities who treated Rosemary in the time just before her death. Although Dr. Godfrey made findings as to what physically took place within Rosemary's body, he did not witness her treatment, and Plaintiff did not wish to represent that he had such direct knowledge. Additionally, several of the findings were based on omissions—providers' failures to

take measures called for by the standard of care.

*In-Camera Review*

Plaintiff is amenable to an in-camera inspection of Dr. Godfrey's opinion, as Defendants requested in the alternative, which may address Defendants' concerns. In the event the Court finds the Affidavits inadequate, Plaintiff moves for leave to amend the Affidavits or to submit such other further information concerning Dr. Godfrey as the Court may deem appropriate.

WHEREFORE Plaintiff Zackary Riley respectfully requests that the Court deny Defendants' Motion to Dismiss or, in the alternative, permit Plaintiff to submit a medical provider affidavit after such time as the specialties of the John Doe health care providers are determined or, in the alternative, permit Plaintiff to submit such additional information concerning Dr. Godfrey as the Court may deem appropriate to establish that he is a "legally qualified medical provider," and grant Plaintiff such other relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,

JOHNSTON & SMITH, LLC

/s/George S. Smith

George S. Smith, Mo Bar # 53019
2800 Forum Boulevard, Ste. 3
Columbia, Missouri 65203
Telephone: 573-499-1616
Fax: 573-449-3004
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of August, 2016, a true and accurate copy of the foregoing was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

/s/George S. Smith            .