# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| ZACKARY RILEY, in his individual capacity, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and as representative of the estate of: | ) | |
| | ) | |
| ROSEMARY E. SCOTT, | ) | |
| f/k/a ROSEMARY E. RILEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 2:15-cv-04294-MDH** |
| | ) | |
| HANNIBAL REGIONAL HOSPITAL, | ) | |
| HANNIBAL REGIONAL HEALTHCARE SYSTEM, | ) | |
| HANNIBAL CLINIC, | ) | |
| BLESSING HOSPITAL, | ) | |
| LANDMARK HOSPITAL, | ) | |
| LANDMARK HOSPITALS, | ) | |
| UNIVERSITY OF MISSOURI HOSPITAL, | ) | |
| CURATORS OF THE UNIVERSITY OF MISSOURI, | ) | |
| BARNES-JEWISH HOSPITAL, | ) | |
| BJC HEALTHCARE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1 THROUGH 120, | ) | |
| Defendants. | ) | |

## DEFENDANTS BARNES-JEWISH HOSPTIAL AND BJC HEALTHCARE'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff's affidavits of merit fail to meet the basic requirements of section 538.225 because they (1) fail to contain the opinion of a legally qualified health care provider; and (2) do not offer a direct opinion about the care proved by Defendants. A healthcare affidavit of merit under Mo. Rev. Stat. § 538.225 helps guard against groundless medical malpractice claims. *See, e.g.*, *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 905 (Mo. Ct. App. 1996) (citing *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 507 (Mo. banc 1991)) (the healthcare affidavit statute is designed to "eliminate at the early stages of litigation medical malpractice

1

actions against health care providers which lack the color of merit and to protect the public against the costs of ungrounded medical malpractice claims.")

## I.  DR. GODFREY IS NOT A LEGALLY QUALIFIED HEALTHCARE PROVIDER.

A "legally qualified healthcare provider" is defined by Mo. Rev. Stat. § 538.225.2 as:

> a health care provider licensed in this state or any other state *in the same profession as the defendant* and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as defendant. (*emphasis added*).

Dr. Stephen Godfrey provided the underlying opinions in Plaintiff's healthcare affidavits of merit against Defendants.  Dr. Godfrey is a pathologist.  There is no conduct alleged in Plaintiff's Amended Complaint against these Defendants that relates to care decedent received by a pathologist.  The claims against Defendants Barnes-Jewish Hospital and BJC Healthcare appear to relate primarily to two allegations:  (1) an alleged failure to identify the presence of sponges previously left in decedent's abdomen sometime in the 1980s; and (2) an alleged failure to operate or provide additional treatment to decedent.  (Am. Compl., ¶¶ 37, 61, 136-43. [Doc. #6]).  Dr. Godfrey does not share the same specialty as a health care provider that would routinely identify foreign objects in the abdomen or recommend additional surgical interventions.  Without additional information showing that Dr. Godfrey, in fact, has experience in these areas, he does not meet the statutory definition of a "legally qualified healthcare provider," and the Affidavits based on his opinions should be stricken.

Including John Doe defendants in his Amended Complaint does not defeat or alter Plaintiff's burden of filing a healthcare affidavit of merit that meets the statutory requirements against these Defendants within 90 days.  Although Plaintiff suggests that discovery should be conducted to allow him an opportunity to identify the specialties of relevant John Doe providers and then obtain relevant opinions, this approach is not contemplated by statute or case law.

4852-7371-9351, v. 1

(Plaintiff's Response, at p. 4 [Doc. #40]). The healthcare affidavit of merit requirement is strictly construed: "the language of section 538.225 is 'unambiguous and mandatory,' and there is no statute requiring that it be liberally construed." *Austin v. Schiro*, 466 S.W.3d 694, 697-98 (Mo. App. 2005) (*citing Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 271 (Mo. banc 2014) (examining whether plaintiff's claim should be dismissed for failure to file a healthcare affidavit on time). Plaintiff has sued defendants Barnes-Jewish Hospital and BJC Healthcare but has failed to file legally sufficient healthcare affidavits of merit. Plaintiff's inclusion of additional defendants should not – and does not – excuse his failure to file affidavits against these Defendants containing the opinion of a legally qualified healthcare provider.

## II. THE AFFIDAVITS DO NOT CONTAIN AN OPINION CONCERNING DEFENDANTS' CONDUCT.

Plaintiff's Affidavits should be excluded for the additional reason that they are merely conditional opinions based on conclusions contained in Plaintiff's Complaint and do not offer opinions concerning Defendants' care and/or treatment of decedent. It is not clear what, if any, information specific to these Defendants Dr. Godfrey reviewed before rendering a conditional opinion against them. The Affidavits on their face do not contain a conclusion from a qualified healthcare provider that the defendants failed to use reasonable care, and that the failure caused or directly contributed to cause damages, as is required under Mo. Rev. Stat. § 538.225.

Dr. Godfrey's opinion appears to be based on his physical examination of decedent and information from Plaintiff. Plaintiff acknowledges that Dr. Godfrey "did not witness [decedent's] treatment, and Plaintiff did not wish to represent that he had such direct knowledge." (Plaintiff's Response, at p. 4 [Doc. #40]). Although first-hand information is not required under the statute, knowledge of defendant's conduct is necessary. The affidavit must state "that the defendant health care provider failed to use such care as a reasonably prudent and

4852-7371-9351, v. 1

careful health care provider would have under similar circumstances . . . ." Rev. Mo. Stat. §538.225.1. The healthcare affidavits filed against these Defendants do not reach this conclusion and should be stricken.

**WHEREFORE**, for the above and foregoing reasons, Defendants Barnes-Jewish Hospital and BJC Healthcare request that the Court grant their Motion to Dismiss, dismiss Plaintiffs' claim, and enter such other and further relief the Court finds just and equitable.

RESPECTFULLY SUBMITTED,

*/s/ Diana L. Beckman*
Thomas A. Rottinghaus          MO Bar #50106
Diana L. Beckman               MO Bar #57967
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste. 300
Kansas City, MO  64112
Phone: 816-701-1100; Fax: 816-621-3395
trottinghaus@wcllp.com; dbeckman@wcllp.com
**ATTORNEYS FOR DEFENDANTS**
**BARNES-JEWISH HOSPITAL AND**
**BJC HEALTHCARE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2016, the foregoing document was filed utilizing this Court's ECF system, and was then served via this Court's electronic method for distribution to all counsel and parties of record.

*/s/ Diana L. Beckman*

**ATTORNEYS FOR DEFENDANTS**
**BARNES-JEWISH HOSPITAL AND**
**BJC HEALTHCARE**

4852-7371-9351, v. 1