UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, in his capacity, and as representative of the estate of: ROSERMARY E. SCOTT, f/k/a ROSEMARY E. RILEY, <br><br> Plaintiff, <br><br> v. <br><br> HANNIBAL REGIONAL HOSPITAL, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 2:15-cv-04294 ) ) ) ) |

**DEFENDANT HANNIBAL CLINIC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUGGESTIONS IN SUPPORT**

COMES NOW Defendant Hannibal Clinic Operations, L.L.C. (improperly identified as "Hannibal Clinic" in Plaintiff's Amended Complaint), pursuant to Federal Rule 12(b)(6) and Rev. Mo. Stat. § 538.225, and for its Motion to Dismiss Plaintiff's First Amended Complaint and Suggestions in Support, states as follows.

### I. MOTION TO DISMISS FOR FAILURE TO FILE A STATUTORILY ADEQUATE HEALTHCARE AFFIDAVIT.

This is a medical negligence lawsuit in which Plaintiff has alleged that decedent Rosemary Scott's death was potentially caused by multiple parties and factors, including hypothetical care rendered by Defendant Hannibal Clinic Operations, L.L.C. (improperly named in the Amended Complaint and hereafter referred to as "Hannibal Clinic"). Specifically, Plaintiff alleges that decedent is believed to have had surgical sponges left in her abdomen during an unidentified surgical procedure, performed by an unknown individual or entity, on an unspecified date "in the mid-to-late 1980s . . . ." Plaintiff filed suit against multiple parties on December 19, 2015.

1

Missouri law instructs that the plaintiff in any medical negligence case must cause to be filed an affidavit confirming that a legally qualified health care provider has reviewed the case and opined as to the existence of negligent care. R.S.Mo. § 538.225.1 provides:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a <u>legally qualified health care provider</u> which states that the defendant health care provider failed to use such care as a reasonable prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

(<u>emphasis</u> added). The term "legally qualified health care provider" is defined by statute as:

> a health care provider licensed in this state or any other state in the <u>same profession</u> as the defendant and either actively practicing or within five years of retirement from actively practicing <u>substantially the same specialty</u> as the defendant.

R.S.Mo. § 538.225.2 (<u>emphasis</u> added). If an affidavit based upon the opinions of a legally qualified health care provider has not been filed within ninety days of initiating the claim, Missouri law mandates that the case "shall" be dismissed without prejudice. R.S.Mo. § 538.225.6. A ninety day extension of time to file the affidavit is permitted under the statute, not to exceed 180 days after the filing of the action. R.S.Mo. § 538.225.5. Plaintiff was granted the maximum allowable extension of time to file the affidavit in this case and the document was filed on the day the time extension expired—June 16, 2016.

## A. Dr. Stephen Godfrey is not a legally qualified health care provider.

The instant action must be dismissed because Plaintiff failed to file a healthcare affidavit based upon the opinions of a legally qualified health care provider within the 180 days permitted by law. The purpose of the statute's requirement that a legally qualified health care provider be a member of the same profession as the defendant or have a recent history of actively practicing in

2

substantially the same specialty is to avoid lawsuits based upon equivocal opinions from providers with minimal or no experience in the medical field at issue. *See Spradling v. SSM Health Care St. Louis*, 331 S.W.3d 683, 690 (Mo. banc 2010). The Missouri Supreme Court has defined an individual practicing in "substantially the same specialty" as "one who repeatedly performs the same procedure as that allegedly performed negligently." *Id.* at 685.

The procedure allegedly performed negligently in this case was a surgery that purportedly left sponges in the decedent's abdominal cavity. To be a legally qualified health care provider under Missouri law, therefore, the individual forming the basis for plaintiff's affidavit must have repeated, regular experience and expertise in such surgical procedures. The medical provider cited in Plaintiff's affidavit is pathologist Dr. Stephen Godfrey. Pathologists are routinely involved in the diagnosis of diseases based upon laboratory studies and do not regularly perform surgical procedures. There is no support in Plaintiff's affidavit to suggest that pathologist Dr. Godfrey has any surgical experience whatsoever, much less that he repeatedly performed the types of procedures alleged to have been conducted negligently in this case.

As such, Plaintiff has failed to file an affidavit based upon the opinions of a legally qualified healthcare provider within the time contemplated by the statute and the case must be dismissed without prejudice.

**B. Plaintiff's affidavit is invalid because it contains only conditional speculation.**

Regardless of Dr. Godfrey's qualifications, Plaintiff's affidavit is invalid because it does not indicate that Plaintiff has obtained an opinion from a legally qualified health care provider stating that Defendant failed to use such care as a reasonable prudent and careful health care provider would have under similar circumstances, as is required by law. R.S.Mo. § 538.225.1. Regarding the defendants' conduct in this case, Plaintiff's affidavit states only that "if they acted

3

and failed to act as alleged in Plaintiff's Complaint," then such actions would be negligent. *Affidavit of Zackary Riley*, at ¶ 3 (Doc. #13.1). Rather than opining regarding the care rendered to the decedent in this case, the affidavit indicates only the presence of an opinion of counsel's ability to draft a Complaint alleging negligence. There is no indication that Dr. Godfrey has even seen the relevant medical records in this case, thus making it impossible for him to render an opinion sufficient to satisfy the mandates of the statute. Accordingly, Plaintiff's affidavit is invalidly conditional and the case must be dismissed.

**C. Defendant alternatively moves for *in camera* review of Dr. Godfrey's opinions.**

As an alternative to Defendant's Motion to Dismiss, Defendant Hannibal Clinic requests that the court inspect the written opinions outlined in Plaintiff's affidavit. Missouri statute provides that:

> Within one hundred eighty days after the filing of the petition, any defendant may file a motion to have the court examine in camera the aforesaid opinion and if the court determines that the opinion fails to meet the requirements of this section, then the court shall conduct a hearing within thirty days to determine whether there is probably cause to believe that one or more qualified and competent health care providers will testify that the plaintiff was injured due to the medical negligence by a defendant. If the court finds that there is no such probable cause, the court shall dismiss the petition and hold the plaintiff responsible for the payment of the defendant's reasonable attorney fees and costs.

R.S.Mo. § 538.225.7. Should the Court deny Defendant's Motion to Dismiss, Defendant requests that the Court examine the opinions of Dr. Godfrey *in camera*.

**II. MOTION TO DISMISS BASED UPON THE STATUTE OF REPOSE.**

In addition to Plaintiff's failure to timely file an adequate healthcare affidavit, Plaintiff's claims against Hannibal Clinic are barred by the applicable statute of repose. A dismissal for failure to state a claim under Federal Rule 12(b)(6) based upon a statute of limitations defense is permissible when the complaint itself establishes the applicability of the defense. *Jessie v.*

4

*Potter*, 516 F.3d 709, 712 n.2 (8th Cir. 2008). The statute of limitations for medical negligence cases in Missouri is two years for injury cases and three years in death cases. R.S.Mo. § 516.105; R.S.Mo. § 537.100.

In cases where medical negligence may not be readily apparent upon the date of care, for example in cases where a surgical sponge is retained in a patient's body, the law permits a temporary tolling of the statute of limitations to allow for possible discovery of the alleged negligence. *See Amber-Phillips v. SSM DePaul Health Center*, 459 S.W.3d 901, 904 (Mo. 2015); R.S.Mo. § 516.105.3. Missouri statute is clear that any such tolling is limited to ten years after the alleged negligence:

> In no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of or for two years from a minor's eighteenth birthday, whichever is later.

R.S.Mo. § 516.105.3. It is well-established law that the statute of limitations is not tolled to the time of actual discovery of purported negligence because doing so would frustrate the purpose of statutes of repose: "providing a final time limit beyond which suit is foreclosed." *Amber-Phillps*, 459 at 904. The law is clear that any liability in the case at bar was extinguished no later than ten years after the alleged negligence. *See id.*; R.S.Mo. § 516.105.3.

Plaintiff alleges that the relevant care rendered by Hannibal Clinic in this case occurred at some point "in the mid-to-late 1980s." Giving Plaintiff every benefit of the doubt and assuming the care took place in December 1989, a minimum of twenty-six years elapsed prior to filing suit in December 2015. Plaintiff has not alleged any claim against this Defendant that can outlast the ten year statute of repose for cases of alleged medical error. As Plaintiff's Complaint itself establishes the applicability of the statutory defense, Defendant Hannibal Clinic should be dismissed for failure to state a claim.

5

Case 2:15-cv-04294-MDH   Document 44   Filed 08/31/16   Page 5 of 6

WHEREFORE, for the above reasons, Defendant Hannibal Clinic Operations, L.L.C. (incorrectly identified in Plaintiff's First Amended Complaint as "Hannibal Clinic"), requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's claim(s) against it, together with such further relief as the Court deems just and proper.

                    */s/ Daniel S. Lohse*
Daniel S. Lohse, # 62124
Brinker & Doyen, L.L.P.
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri 63105
314-863-6311
Fax: 314-863-8197
jthoele@brinkerdoyen.com
dlohse@brinkerdoyen.com
***Attorneys for Defendant Hannibal Clinic***