UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ZACKARY RILEY, in his capacity, and as representative of the estate of: ROSEMARY E. SCOTT, f/k/a ROSEMARY E. RILEY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:15-cv-04294 |
| HANNIBAL REGIONAL HOSPITAL, HANNIBAL REGIONAL HEALTHCARE SYSTEM, HANNIBAL CLINIC, BLESSING HOSPITAL, LANDMARK HOSPITAL, LANDMARK MANAGEMENT SERVICES OF FLORIDA, LLC, UNIVERSITY OF MISSOURI HOSPITAL, CURATORS OF THE UNIVERSITY OF MISSOURI, BARNES-JEWISH HOSPITAL, BJC HEALTHCARE and JOHN DOES 1 THROUGH 120, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**HANNIBAL REGIONAL HEALTHCARE SYSTEM AND
HANNIBAL REGIONAL HOSPITAL'S REPLY TO
PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
HANNIBAL REGIONAL HEALTHCARE SYSTEM AND HANNIBAL REGIONAL
HOSPITAL'S MOTION TO DISMISS**

On July 11, 2016, Defendants Hannibal Regional Healthcare System and Hannibal Regional Hospital (hereinafter "Defendants") filed two separate motions to dismiss. The first is based upon the statute of repose contained in §516.105, RSMo. The second is based upon Plaintiff's failure to file a statutorily adequate health care affidavit under §538.225. Plaintiff consolidated his reply in one document. Defendants' Reply to Plaintiff's Suggestions in Opposition to both motions to dismiss is contained in this filing.

1

Statute of Repose

Plaintiff claims that his Complaint is timely filed because it is a wrongful death action. This argument ignores the plain statutory language in §516.105, RSMo. Reading §516.105, RSMo (Medical Malpractice statute of limitations) and §537.100 (Wrongful Death statute of limitations) together, the statute of repose contained in §516.105, RSMo., should still apply to this action.

Section 516.105 provides, in part:

> In no event shall **any action for damages for malpractice, error, or mistake** be commenced after the expiration of ten years from the date of the act of neglect complained of . . .

Here, Plaintiff's Amended Complaint against these Defendants relates to alleged malpractice in the "mid to late 1980s". The action is one "for damages for malpractice, error, or mistake". Section 516.105 specifically forbids this action from being brought after ten years. Almost 30 years passed before Plaintiff filed this action.

No Missouri courts have directly addressed the statute of repose's applicability to Wrongful Death cases. However, in upholding the constitutionality of the statute of repose, the Missouri Supreme Court reiterated that "a statute of repose is a judgment that defendants should 'be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason." If the statute of repose in Section 516.105 does not prevent wrongful death actions based upon medical malpractice after the ten-year limitation set forth in §516.105, that language would be rendered meaningless. If possible, this Court should avoid a construction that renders statutory language meaningless. *Am. Nat. Prop. & Cas. Co. v. Ensz & Jester, P.C.*, 358 S.W.3d 75, 85 (Mo. App. W.D. 2011) (citing *In re Estate of Hough,* 457 S.W.2d 687, 692 (Mo. 1970).

The effect of a statute of repose is "to extinguish an existing cause of action . . ." *Ambers-Phillips v. SSM DePaul Health Center*, 459 S.W.3d 901, 910 (Mo. 2015). In order for the Missouri statute of repose to be given effect, Plaintiff's claims for malpractice, error or mistake by a health care provider must "extinguish" after ten years. *Id.* Thus, any claim that Ms. Riley's death is based upon malpractice, error or mistake is extinguished after ten years, or at the latest, the year 2000. Any claim brought after that time for malpractice, error or mistake would no longer exist. *Id.* Plaintiff's attempt to avoid the statute of repose by claiming it does not apply to a cause of action for wrongful death cannot stand if meaning is to be given to Missouri statutes. Plaintiff's claim should be dismissed.

Inadequate Affidavit

In order to have a statutorily adequate health care affidavit, Plaintiff must obtain the opinion of a legally qualified health care provider. The term "legally qualified health care provider" is specifically defined as a health care provider who is "in the same profession as the defendant." §538.225.1, RSMo. Plaintiff claims that Defendants cannot "prove" that his health care provider is not "legally qualified" because no one, including Plaintiff, knows who left sponges in Ms. Riley's abdomen. He continues that if Defendants can't prove what type of provider was negligent, that Plaintiff can have any type of health care provider. While there is certainly more than one type of legally qualified health care provider that could be used, Dr. Godfrey is not in any way legally qualified.

Dr. Stephen Godfrey, M.D. is a pathologist. As a pathologist, he does not perform surgery or any other type of invasive procedure in which sponges would be used and removed from a living patient. In no way is Dr. Godfrey qualified to give opinions relating to surgical care of a patient. Arguably, Dr. Godfrey could provide an opinion as to Ms. Riley's *cause* of

death, but he is not qualified to provide an opinion as to the standard of care, which is required by §538.225, RSMo.

The heath care affidavit of merit requirement is to be strictly construed. "[T]he language of section 538.225 is unambiguous and mandatory and there is no statute requirement that it be liberally construed." *Austin v. Schiro*, 466 S.W.3d 694, 697-98 (Mo. App. 2005) (*citing Mayes v. St. Luke's Hospital of Kansas City*, 430 S.W.3d 260, 271 (Mo. 2014). Because Plaintiff has not obtained the opinion of a legally qualified health care provider within the time allowed by §538.225, RSMo, his Complaint should be dismissed.

**NEWMAN, COMLEY & RUTH P.C.**

/s/ Joshua L. Hill
Edward C. Clausen  #34621
Joshua L. Hill    #62951
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO  65102
Telephone:  (573) 634-2266
FAX:  (573) 636-3306
ed.c@ncrpc.com
hillj@ncrpc.com

**ATTORNEYS FOR DEFENDANTS
HANNIBAL REGIONAL HOSPITAL
AND HANNIBAL REGIONAL
HEALTHCARE SYSTEM**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of September, 2016, a true and accurate copy of the foregoing was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

/s/ Joshua L. Hill