# UNITED STATES DISTRICT CIRCUIT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ZACKARY RILEY, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:15-cv-04294-MDH |
| | ) |
| HANNIBAL REGIONAL HOSPITAL, et al. | ) |
|       Defendants. | ) |

## SUGGESTIONS IN OPPOSITION TO DEFENDANT HANNIBAL CLINIC'S MOTION TO DISMISS

COMES NOW Plaintiff Zackary Riley and for his Suggestions in Opposition to Defendant Hannibal Clinic's Motion to Dismiss First Amended Complaint states:

1. Defendant Hannibal Clinic filed a Motion to Dismiss on August 31, 2016.

2. Defendant Hannibal Clinic's Motion argues for dismissal on the same grounds as those previously argued in motions to dismiss filed by Defendants Hannibal Regional Hospital (in two motions, on July 11, 2016), Barnes-Jewish Hospital and BJC Healthcare (in a single motion, on July 22, 2016): the purported inadequacy of the § 538.225 affidavit, based on the argument that Dr. Godfrey is not a "legally qualified health care provider" and the argument that the affidavit describes his conclusions in conditional terms, and the purported applicability of a ten-year statute of repose.

3. Plaintiff has already responded to these arguments in his Suggestions in Opposition to the above-mentioned defendants' motions to dismiss.

4. Rather than repeat the same analysis here, Plaintiff briefly responds below to Defendant Hannibal Clinic's arguments and, in supplement, hereby incorporates and restates his Suggestions in Opposition to Motions to Dismiss of Defendants Hannibal Regional Healthcare

System and Hannibal Regional Hospital, and his Suggestions in Opposition to Motions to Dismiss of Defendants Barnes-Jewish Hospital and BJC Healthcare, both of which Plaintiff filed on August 19, 2016. *See* Exhibits A and B, attached.

## PLAINTIFF FILED A STATUTORILY ADEQUATE HEALTHCARE PROVIDER AFFIDAVIT

Defendant Hannibal Clinic fails to show that Dr. Godfrey is not a "legally qualified health care provider" for purposes of § 538.225. Defendant argues that Dr. Godfrey does not practice in "substantially the same specialty" as the defendant(s) in this suit, in that Dr. Godfrey does not "repeatedly perform[] the same procedure as that allegedly performed negligently." *See* Hannibal Clinic's Motion to Dismiss at 2-3 (citing *Spradling v. SSM Health Care St. Louis*, 331 S.W.3d 683, 690 (Mo. banc 2010) for the definition).

It is not yet known which defendant left the sponges, nor is it known what type of procedure resulted in their being left behind. Without that information, Defendant's attempt to unfavorably compare Dr. Godfrey's qualifications with those of the provider responsible is speculative. Moreover, leaving sponges inside a patient's body is plainly negligent, which is why Plaintiff separately pleaded a *res ipsa loquitur* theory. Section 538.225's concern about frivolous negligence claims is not implicated here.

Defendant further argues that the affidavit's use of phrase "*if* they [Defendants] acted and failed to act as alleged in Plaintiff's Complaint" renders Dr. Godfrey's opinions conditional and therefore insufficiently definite. Any conditionality in the language reflects the potential involvement at relevant times of multiple hospitals and an unknown number of individual medical care providers. The use of "if" was Plaintiff's attempt to reflect that Dr. Godfrey was partly working from information provided by Plaintiff as to the roles of multiple providers at multiple facilities. Plaintiff did not wish to imply that Dr. Godfrey had direct knowledge of

separate providers' roles, including the identity of the provider who left the sponges behind.

## PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF REPOSE

Plaintiff's wrongful death claims are not subject to the § 536.105 ten-year statute of repose for medical malpractice claims. *See* Suggestions in Opposition to Motions to Dismiss of Defendants Hannibal Regional Healthcare System and Hannibal Regional Hospital at 2-4; *See Smith v. Brown & Williamson Tobacco Corp.*, 2007 Mo. App. LEXIS 1144 at *74 (Mo. App. W.D. 2007) (citing *Denton v. Soonattrukal*, 149 S.W.3d 517, 519 n.4 (Mo. App. S.D. 2004)). A cause of action for wrongful death accrues at the time of the decedent's death, after which a plaintiff has three years to bring suit. *Frazee v. Partney*, 314 S.W.2d 915, 921 (Mo. banc 1953); *Boland v. St. Luke's Health Sys.*, 471 S.W.3d 703, 708 (Mo. banc 2015) (citing *Frazee*); *See* § 537.100.

Plaintiff filed his wrongful death claims, including against Defendant Hannibal Clinic, within three years after his mother's death. The claims are timely under § 537.100.

## IN CAMERA REVIEW

Plaintiff is amenable to an in-camera inspection of Dr. Godfrey's opinion, as Defendants requested in the alternative, which may address Defendants' concerns. In the event the Court finds the Affidavits inadequate, Plaintiff moves for leave to amend the Affidavits or to submit such other further information concerning Dr. Godfrey as the Court may deem appropriate.

WHEREFORE Plaintiff Zackary Riley respectfully requests that the Court deny Defendant's Motion to Dismiss or, in the alternative, permit Plaintiff to submit a medical provider affidavit after such time as the specialties of the John Doe health care providers are determined or, in the alternative, permit Plaintiff to submit such additional information concerning Dr. Godfrey as the Court may deem appropriate to establish that he is a "legally

qualified medical provider," and grant Plaintiff such other relief as the Court deems just and appropriate under the circumstances.

>
> Respectfully Submitted,
>
> JOHNSTON & SMITH, LLC
>
> /s/George S. Smith
>
> George S. Smith, Mo Bar # 53019
> 2800 Forum Boulevard, Ste. 3
> Columbia, Missouri 65203
> Telephone: 573-499-1616
> Fax: 573-449-3004
> *ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2016, the foregoing document was filed utilizing this Court's ECF system, and was then served via this Court's electronic method for distribution to all counsel and parties of record.

> /s/George S. Smith
> Attorney for Plaintiff