# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ZACKARY M. RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-04294-MDH |
| ) | |
| HANNIBAL REGIONAL HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties are Ordered to comply with the following Schedule and Order:

**A.  PLEADINGS.**

1.  Any motion to join additional parties shall be filed on or before **November 14, 2016.**

2.  Any motion to amend the pleadings shall be filed on or before **January 13, 2017**.

**B.  MEDIATION AND ASSESSMENT PROGRAM (MAP)**

In cases assigned to the Court's Mediation and Assessment Program (MAP), the MAP General Order requires that parties assigned to the outside mediator category electronically file the Designation of Mediator within fourteen (14) calendar days after the Rule 26 meeting and mediate the case within seventy-five (75) calendar days after the Rule 26 meeting.

**C.  DISCOVERY.**

1.  All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be conducted consistent with the Rules of Civil Procedure and the Local Rules of the Western

District of Missouri. Discovery shall be completed on or before **July 7, 2017**. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the taking of depositions.

2. Prior to the close of discovery, the parties shall jointly file a status report advising the Court of the status of discovery to include a description of all discovery completed, all discovery scheduled but not yet completed, all discovery at that time identified as necessary but not yet scheduled and all existing discovery disputes. These reports will be due on **November 21, 2016; January 20, 2017; March 20, 2017; May 19, 2017; and July 7, 2017.**

**D.    EXPERTS.**

1. The plaintiff shall designate any expert witnesses on or before **December 30, 2016,** and the defendant shall designate any expert witnesses on or before **March 31, 2017**. This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony. This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Procedure.

2. Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 1 above. See FRCP 26(a)(2)(B). The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the

2

opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  The expert's testimony will be limited to opinions and information contained in the report and in any depositions that might be taken.

      3.      With respect to treating physicians, the requirements of paragraph 2 above and FRCP 26(a)(2)(B) may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party.  For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party for the primary purpose of providing care and treatment and not retained for the primary purpose of providing testimony at trial.  Any testimony offered by a treating physician will be limited to information appearing in his/her files, records and notes relating to the patient unless additional opinions are disclosed in an affidavit or in the physician's deposition as described in paragraph 2 above.

      4.      Experts will be made available for deposition in the order in which they are disclosed and within thirty (30) days of the date they are disclosed unless otherwise agreed upon by the parties.

**E.**    **DISCOVERY MOTIONS.**

Absent extraordinary circumstances, all discovery motions will be filed on or before **June 23, 2017**.  See Local Rule 37.1 for procedures that must be followed before filing a discovery motion.  The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied.  In the event that a teleconference is needed, my courtroom deputy may be reached at

417-865-3741.  All teleconference requests should be directed to her.  Each party to the dispute shall fax a description of the discovery dispute, <u>not to exceed one page in length,</u> to the Court at 417-865-2618, and to opposing counsel at least 24 hours before the teleconference.

**F.     BUSINESS RECORDS.**

All parties must notify all other parties of any business records they intend to "self-authenticate" pursuant to Federal Rules of Evidence 803(6), 902(11) and 902(12) on or before **November 29, 2017**.  A Certificate of Service signifying compliance shall be filed with the Court.

**G.     DAUBERT MOTIONS.**

All motions to strike expert designations or preclude expert testimony premised on <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) shall be filed on or before **August 4, 2017**.  The deadline for filing motions in limine does not apply to these motions.  Failure to file a <u>Daubert</u> motion prior to this deadline will constitute a waiver of any arguments based on <u>Daubert</u>.

**H.     DISPOSITIVE MOTIONS.**

All dispositive motions, except those under FRCP 12(h)(2) or (3), shall be filed on or before **August 4, 2017**.  All motions for summary judgment shall comply with Local Rule 56.1.

**I.     EXTENSIONS OF TIME.**

1.     All motions for extension of time pursuant to FRCP 6(b) or FRCP 31, 33, 34 and 36 must state:

      a.     The date when the pleading, response or other action is/was first due;

      b.     The number of previous extensions and the date the last extension expires;

      c.      The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

      d.      Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel to a requested extension is not binding on the Court).

**J.**      **<u>INITIAL PRETRIAL CONFERENCE</u>.**

An initial pretrial conference in this case will be held on **Friday, January 5, 2018, at 1:30 p.m.**, in Courtroom 4B at the United States Courthouse, 80 Lafayette St., Jefferson City, Missouri. Lead trial counsel shall participate in this conference.

**K.**      **<u>JOINT PRETRIAL MEMORANDUM</u>.**

Prior to the initial pretrial conference, counsel for all parties shall meet, prepare and sign a Memo on Pretrial Conference. The Memo on Pretrial Conference must be filed by 12:00 p.m. (noon) **December 7, 2017**. All parties are responsible for the preparation of the Memo on Pretrial Conference and shall jointly complete this Memo. The Memo on Pretrial Conference should address the following issues:

1. Identification of facts not in dispute to which the parties will stipulate;
2. Identification of disputed issues regarding the sufficiency of foundation for or authenticity of an exhibit;
3. Identification of legal and factual issues to be tried;
4. Identification of evidentiary issues expected to be presented at trial;
5. Estimate length of trial; and
6. The history of mediation efforts relating to the case.

**L.   MOTIONS IN LIMINE.**

The parties shall file all Motions in Limine ten (10) working days prior to the initial pretrial conference.  Objections to Motions in Limine shall be filed five (5) working days prior to the initial pretrial conference.

**M.   WITNESS LIST.**

At least ten (10) working days prior to the initial pretrial conference each party shall file a list of witnesses who may be called to testify at trial along with a brief description of the subject matter as to which they will testify, and an estimate of the length of time for direct examination. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or unanticipated impeachment. Objection to any witnesses submitted on a witness list shall be filed at least five (5) working days prior to the initial pretrial conference.

**N.   EXHIBITS.**

Pursuant to Local Rule 39.1, at least ten (10) working days prior to the date the pretrial conference is to be held, each party will file a list of all exhibits which may be offered at trial. Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed.  Objections to any exhibit submitted on an exhibit list shall be filed at least five (5) working days prior to the initial pretrial conference.  **The parties shall additionally prepare and provide to the courtroom deputy, the morning of trial, an Exhibit Index, with said index being prepared on a form provided by the Clerk's Office.**  Plaintiff and Defendant shall use numbers, designating who is offering the exhibit (P1 for Plaintiff's Exhibit 1, D1 for Defendant's Exhibit 1, J1 for Joint Exhibits, etc.).  Each item, i.e., each photograph, each document, must have its own exhibit number.  All exhibits shall be marked by the parties prior to

trial. At the time an exhibit is used during trial, the party who first uses the exhibit must provide a copy of the exhibit to the Court.

**O.    DEPOSITION DESIGNATIONS.**

1. At least ten (10) working days before the date the pretrial conference is to be held, each party asserting an affirmative claim or claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, cross-claiming defendant, etc.) shall file a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

2. At least five (5) working days prior to the date the pretrial conference is to be held, each party defending against an affirmative claim for relief shall file:

    a.    Any objections to proposed deposition testimony designated by any other party;

    b.    A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

    c.    A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

3. At least three (3) working days before the date of the pretrial conference, each party asserting an affirmative claim or claims for relief shall file:

    a.    Any objections to proposed deposition testimony designated by any other party; and

b. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties.

4. The parties shall meet, discuss and in good faith attempt to resolve all objections to designated deposition testimony prior to the pretrial conference.

**P. REQUESTED VOIR DIRE QUESTIONS.**

Requested voir dire questions are to be filed ten (10) working days prior to the initial pretrial conference. A courtesy copy of the voir dire questions shall be provided to Chambers at the time of filing by e-mailing an electronic copy, preferably in Word format, to Linda_Howard@mow.uscourts.gov. Objections to proposed voir dire questions shall be filed five (5) working days prior to the initial pretrial conference. No courtesy copy of the objections is needed.

**Q. JURY STATEMENT.**

The parties are directed to agree upon a statement to be read to the jury setting forth the background of this case and the claims being asserted. This statement will be read to the jury panel prior to the voir dire. The proposed jury statement must be submitted to the Court at the initial pretrial conference.

**R. INSTRUCTIONS.**

1. <u>Requested Jury Instructions</u>: Proposed jury instructions shall be submitted to the Court and made available to all parties five (5) working days prior to the initial pretrial conference in the following form:

a. The parties shall meet (by telephone or in person) and confer to assist in filing an agreed upon, single, unified (meaning one) set of proposed jury instructions. Agreed upon instructions shall include the following notation

8

Case 2:15-cv-04294-MDH   Document 60   Filed 09/21/16   Page 8 of 10

at the bottom of the proposed instructions: "This proposed instruction is agreed upon by the parties." If a party proposes an instruction that is not agreed upon, the proposed instruction shall indicate which party is proffering the instruction. Proposed instructions by opposing parties on the same subject matter shall be grouped together. (For example, if each party proposed a different preponderance of the evidence instruction, Instruction No. 10A would be the Plaintiff's proffered preponderance of the evidence instruction and Instruction No. 10B would be the Defendants' proffered preponderance of the evidence instruction.) Each instruction shall be numbered individually and each instruction shall begin on a separate sheet of paper.

b. At the bottom of each instruction, the party advancing the instruction shall set forth the citation of the patterned instruction, decision, statute, regulation or other authorities supporting the proposition stated in the proposed instruction.

c. Any modification of a pattern instruction shall be disclosed.

d. Plaintiff's counsel shall be responsible for initiating the instruction meeting with defense counsel, for making arrangements to obtain defense counsel's proposed instructions should the parties not agree, and for filing the unified set of proposed instructions at the initial pretrial conference. A courtesy copy of the instructions shall be provided to Chambers at the time of the initial pretrial conference by e-mailing an electronic copy, preferably in Word format, to Linda_Howard@mow.uscourts.gov.

e. Instructions not requested as set forth above and not filed at the time of the initial pretrial conference shall be deemed to have been not properly requested within the meaning of Fed. R. Civ. P. 51, *and shall be deemed waived* unless the subject of the request is one arising in the course of trial which could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the case.

**S. SETTLEMENT DEADLINE.**

The settlement deadline is 12:00 p.m. (noon) **Friday, January 19, 2018**. If the Court is advised of a settlement after the settlement deadline, the costs associated with summoning the jury panel and trial may be assessed as part of court costs in the action.

**T. TRIAL SETTING.**

This case is scheduled for a seven (7) day jury trial, commencing at 9:00 a.m. on **January 22, 2018,** in Courtroom 4B at the United States Courthouse, 80 Lafayette St., Jefferson City, Missouri. A final pretrial conference is scheduled for 8:30 a.m. immediately preceding trial.

**IT IS SO ORDERED.**

DATED: September 21, 2016

                                           */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**