UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ZACKARY RILEY, in his individual )
capacity, and as representative of the estate of: )
ROSEMARY E. SCOTT, )
f/k/a ROSEMARY E. RILEY, )
　)
       Plaintiff, )
　)
  v. )  Case No. 2:15-cv-04294-MDH
　)
HANNIBAL REGIONAL HOSPITAL, )
HANNIBAL REGIONAL HEALTHCARE )
SYSTEM, HANNIBAL CLINIC, )
BLESSING HOSPITAL, LANDMARK )
HOSPITAL, LANDMARK MANAGEMENT )
SERVICES OF FLORIDA, LLC; )
UNIVERSITY OF MISSOURI HOSPITAL, )
CURATORS OF THE UNIVERSITY OF )
MISSOURI, BARNES-JEWISH HOSPITAL, )
BJC HEALTHCARE and )
JOHN DOES 1 THROUGH 120, )
　)
       Defendants. )

**DEFENDANT BLESSING HOSPITAL'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
AND SUGGESTIONS IN SUPPORT THEREOF**

Comes now Defendant, Blessing Hospital, by and through its attorneys, Shank & Moore, LLC and Schmiedeskamp, Robertson, Neu & Mitchell LLP, and, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure, for its Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

**A. Motion to Dismiss Based Upon Untimeliness Under Missouri Statute of Repose**

Dismissal of Plaintiff's First Amended Complaint against Defendant Blessing Hospital ("Blessing") is warranted based upon its untimeliness under Missouri's statue of repose. Plaintiff alleges that decedent Rosemary E. Scott ("Rosemary") underwent one or more surgeries "[i]n the

mid-to-late 1980s" "while under the care of one or more of Hannibal Hospital, Hannibal Clinic, or Blessing." (First Amended Complaint (Doc. #6) ¶ 37.) Plaintiff alleges that surgical sponges were left in Plaintiff's abdomen during either a hysterectomy or an operation on her stomach, which allegedly occurred "in the 1980s" while Rosemary was under the care of one or more of Hannibal Hospital, Hannibal Clinic, or Blessing." (*Id.* ¶¶ 41-42.) Plaintiff's claims against Blessing in Counts I and II of the First Amended Complaint are based on these allegations. (*See id.* ¶¶ 37-44.)

A situation identical to that of the present matter was squarely addressed by the Missouri Supreme Court in *Ambers-Phillips v. SSM DePaul Health Center*, 459 S.W.3d 901 (Mo. Banc 2015). There, the plaintiff sued her healthcare provider for medical malpractice, alleging it failed to account for and remove four (4) foreign objects from her abdomen during an exploratory laparotomy. *Id.* at 903-904. The Missouri Supreme Court held that her claim was barred by the State's statute of repose, §516.105, R.S.Mo. (2016), pursuant to which an action of this nature must be brought within ten (10) years of the surgery during which the foreign objects were left within the plaintiff. *Id.* at 909. Section 516.105(3) specifically provides that "[i]n no event shall any action [against health care providers] for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of or for two years from a minor's eighteenth birthday, whichever is later."

Unlike a statute of limitation, there is no equitable tolling of a statute of repose based upon the foreign object's date of discovery. As the Missouri Supreme Court confirmed in *Ambers-Phillips,* "[t]he legislature specifically provided the claims of medical malpractice are barred by the statute of repose once ten years has passed from the time of a negligent act, even if the plaintiff has not at that point discovered the wrong." *Ambers-Phillips*, 459 S.W.3d at 909. In light of its holding, the Court concluded that "[t]his is a clear and specific statute of repose, and it

00501105                                                2

Case 2:15-cv-04294-MDH   Document 66   Filed 10/27/16   Page 2 of 7

bars the plaintiff's claims." *Id.* The Missouri Supreme Court also explained that "the effect of a statute of repose is to extinguish an existing cause of action." *Id.* at 910. The 10-year statute of repose in Section 516.105 plainly applies to extinguish "any action" against hospitals and other health care providers "for malpractice, error, or mistake." That is true whether the claim is pleaded as one for medical malpractice, wrongful death, or *res ipsa loquitur*.

Plaintiff's claims are barred in this case, just as they were in *Ambers-Phillips*, as the foreign objects Plaintiff claims were left inside Rosemary's body were done so more than ten (10) years prior to the filing of this action. In fact, accepting the allegations of the First Amended Complaint as true, as the Court must do on a motion to dismiss, the foreign objects were left inside Rosemary's body at least twenty-six (26) years before this action was filed in December 2015. As such, Missouri's statute of repose bars Plaintiff's claims based upon foreign objects allegedly left inside Rosemary following the subject surgery, and dismissal of Plaintiff's claims against Blessing Hospital is warranted.

**B.     Motion to Dismiss Based on Failure to Timely File an Adequate Healthcare Affidavit**

Plaintiff's action purports to state claims against Blessing Hospital, and their individual providers, John Does 41-60, arising from the Defendants' alleged medical negligence. In such cases, Section 538.225.1, R.S.Mo. (2016), imposes this requirement:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonable prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in this petition.

Section 538.225.2, R.S.Mo., provides:

> As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession

as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.

The required affidavit must be filed within ninety (90) days after the filing of the petition, unless the Court orders that the deadline be extended for a period of time not to exceed an additional ninety days. Section 538.225.5, R.S.Mo.

Both the Eighth Circuit Court of Appeals and this Court have held that the health care affidavit requirement contained in Section 538.225, R.S.Mo., applies to cases filed in federal court. *See Keating v. Smith*, 492 Fed. Appx. 707, 708 (8th Cir. 2012) (per curiam) ("[W]e agree with the court that the medical malpractice claims failed because [the plaintiff] did not comply with a Missouri statute requiring his timely submission of an affidavit based on the opinion of a legally qualified health-care provider certifying the merits of his case ... We reject as meritless [the plaintiff's] arguments that the statute did not apply merely because he filed suit in federal court."); *Hicks v. Denenny*, No. 15-801-CV-W-JTM, 2016 U.S. Dist. LEXIS 62518 (W.D. Mo. May 11, 2016) (dismissing suit for failure to comply with Section 538.225, R.S.Mo.).

Plaintiff's Complaint was filed with this Court on December 19, 2015. On March 18, 2016, Plaintiff moved for additional time to file the affidavits, explaining that he needed additional time to determine the specialty areas of the various John Doe Defendants in order to obtain opinions from legally qualified health care providers. The Court granted Plaintiff an additional 90 days to file the required affidavits. On June 16, 2016, Plaintiff filed separate affidavits as to Blessing Hospital stating that Plaintiff had obtained a written opinion that each Defendant and its individual providers, John Does 41-60, failed to use such care as a reasonably prudent health care provider would have under similar circumstances "if they acted and failed to act as alleged in Plaintiff's Complaint." Plaintiff identified his "legally qualified health care provider" as Dr. Stephen Godfrey, a pathologist. These affidavits fail to comply with the

requirements of Section 583.225, R.S.Mo., and Plaintiff's First Amended Complaint should be dismissed.

First, Dr. Godfrey is not a "legally qualified health care provider," as that term is defined in Section 538.225.2. Rather, Dr. Godfrey is a pathologist. While the First Amended Complaint does not identify the John Doe Defendants or their specialties, it contains detailed allegations concerning the decedent's hospitalization and the defendants' acts and failures to act--none of which are pathology-related. In order for Dr. Godfrey to be a "legally qualified health care provider," he must actively practice, or be within five years of retirement from actively practicing, substantially the same specialty as the defendant. Section 538.225.2, R.S.Mo.; *see also Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 689 (Mo. banc 2010); *Kreutz v. Curators of University of Missouri*, 363 S.W.3d 61, 64 (Mo. App. W.D. 2011) ("The legislature requires that the healthcare provider actively practice under similar circumstances in order to provide an opinion that a defendant doctor breached the necessary standard of care in the profession and thereby caused a plaintiff's pleaded damages, and we must give effect to that intent.").

Plaintiff's request for additional time in which to file the health care affidavits recognizes this requirement--Plaintiff explains that "[b]efore plaintiff can determine who is a 'legally qualified health care provider' as to each John Doe, Plaintiff will need to identify each John Doe, at least to the extent of determining the practice specialty of each John Doe"--however, Plaintiff has made no attempt to do so, filing nearly identical affidavits citing opinions from Dr. Godfrey for every defendant in this case. Plaintiff's affidavits are inadequate because Dr. Godfrey is not qualified.

Second, Plaintiff's affidavits are inadequate because they state only that Dr. Godfrey provided the opinion that Defendants failed to use such care as a reasonably prudent health care provider would have under similar circumstances "*if they acted and failed to act as alleged in Plaintiff's Complaint.*" (emphasis added). In other words, the First Amended Complaint alleges

that Defendants negligently failed to properly diagnose and treat the decedent, and if those allegations are true, Dr. Godfrey is of the opinion that Defendants failed to exercise proper care. This circular logic completely undermines the purpose of Section 538.225. Essentially, Plaintiff has attested that Dr. Godfrey has examined the First Amended Complaint itself, rather than the underlying care and treatment provided by defendants. The affidavits filed by Plaintiff in support of his claims against Blessing Hospital and John Does 41-60 are insufficient.

With the 90-day extension given by the Court, Plaintiff had until June 16, 2016, to file a statutorily-compliant health care affidavit against Defendants. He failed to do so. As a result, the Court must dismiss the action against Blessing Hospital and the associated John Does with prejudice. Section 538.225.6, R.S.Mo.

WHEREFORE, Defendant Blessing Hospital prays that Plaintiff's First Amended Complaint be dismissed as to it, that it recover its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

SHANK & MOORE, LLC

By:   */s/ David L. Heinemann*
    David L. Heinemann    MO #37622
    1968 Shawnee Mission Pkwy, Suite 100
    Mission Woods, Kansas 66205
    Telephone:    816.471.0909
    Facsimile:    816.471.3888
    davidh@shankmoore.com

James A. Hansen, MO #48906
Schmiedeskamp Robertson Neu & Mitchell LLP
Attorneys for Defendant Blessing Hospital
525 Jersey Street
Quincy, IL 62306
Telephone:   (217) 223-3030
jhansen@srnm.com

**Attorneys for Defendant Blessing Hospital**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record:

    /s/ *David L. Heinemann*
    Attorney for Defendant Blessing Hospital